**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

**FILED**
October 14, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: BW
DEPUTY

TENIL SAMONE ADAMS,
Plaintiff,

v.

**6:26-cv-00441**

KEOLIS TRANSIT, INC., and
AMALGAMATED TRANSIT UNION (ATU),
Defendants.

**CASE NO. 6:26-CV-00441-CRW-DNM**

# FIRST AMENDED COMPLAINT

Plaintiff Tenil Samone Adams files this First Amended Complaint against Defendants Keolis Transit, Inc. ("Keolis") and the Amalgamated Transit Union ("Union"), alleging as follows:

## I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Tenil Samone Adams was, at all times relevant, an employee of Keolis Transit operating out of Austin, Texas.

2. Defendant Keolis Transit, Inc. is an employer operating transportation services in the Western District of Texas.

3. Defendant Amalgamated Transit Union (ATU) is a labor organization representing employees at Keolis Transit.

4. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under federal laws: Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act (ADA).

5. **Administrative Exhaustion:** Plaintiff has exhausted her administrative remedies prior to filing this action. Plaintiff filed formal charges of discrimination and retaliation with the U.S. Equal Employment Opportunity Commission (EEOC) under **Charge No. 451-2026-00086**. On **September 21, 2026**, the EEOC San Antonio Field Office issued a formal **Notice of Right to Sue (Issued on Request)**. This operative First Amended Complaint is filed within 90 days of Plaintiff's receipt of said Notice.

6. Venue is proper under 28 U.S.C. § 1391(b) because the unlawful employment practices occurred in this judicial district.

**II. FACTUAL ALLEGATIONS**

7. **Protected FMLA/ADA Status:** On March 31, 2025, Plaintiff's healthcare provider certified a serious health condition on Form WH-380-E, explicitly notifying Keolis management of symptoms including "impaired cognition, decreased concentration, and mood changes that can trigger negative interactions with customers and staff."

8. On April 1, 2025, Keolis officially approved Plaintiff for Intermittent FMLA leave running through March 31, 2026.

9. **Protected Sexual Harassment Reports:** On July 16, 2025, Plaintiff filed formal internal complaints with Keolis Labor Relations and HR Manager Davia McDonald, reporting severe, continuous sexual harassment, objectification of her body, and widespread inappropriate sexual misconduct on company property.

10. **Union Knowledge and Hostility:** Plaintiff simultaneously filed internal union charges against specific union shop stewards who were participating in or enabling the hostile environment. Union Secretary Candice and Vice President Darrell Sorrells possessed direct knowledge of these charges.

11. Following these charges, Union leadership immediately became hostile toward Plaintiff. On September 3, 2025, Secretary Candice engaged in a hostile phone interaction that reduced Plaintiff to tears, treating Plaintiff as if she were "on trial" simply for inquiring about dues and routes.

12. On September 3, 2025, VP Sorrells texted Plaintiff demanding she turn over her witness names and evidence to the very organization shielding the accused stewards. Due to a volatile and physically threatening environment—evidenced by coworkers warning Plaintiff that they go "from zero to prison in a second"—Plaintiff withdrew her request for union representation to protect her physical safety.

13. **Corporate Inaction and EEOC Filing:** On August 29, 2025, Plaintiff followed up with HR Manager Davia McDonald regarding the total lack of an investigation into her July 16 harassment report. Receiving no protection, Plaintiff filed formal charges of discrimination and retaliation with the EEOC against both Keolis Transit and the Union.

14. **Retaliatory Disciplinary Action and Termination:** On November 19, 2025, Keolis management and HR forced Plaintiff into a disciplinary hearing, fabricating claims that Plaintiff "threatened bodily harm" to HR Manager McDonald. Plaintiff immediately filed written

objections stating the hearing was an act of bad-faith retaliation.

15. On November 21, 2025—just two days after the hostile hearing and while Plaintiff was on approved medical leave—Defendant Keolis Transit abruptly terminated Plaintiff's employment.

## III. CAUSES OF ACTION

### COUNT I: TITLE VII HOSTILE WORK ENVIRONMENT
**(Against Defendant Keolis Transit and Defendant Union)**

16. Plaintiff realleges all prior paragraphs.

17. Plaintiff was subjected to severe and pervasive sexual harassment, objectification, and inappropriate misconduct on company property that altered the conditions of her employment and created an abusive operating environment.

18. Defendant Keolis Transit knew or should have known of the pervasive sexual harassment but failed to launch an investigation, take corrective actions, or implement protective measures, thereby tolerating and perpetuating the hostile work environment.

19. Defendant Union, through its leadership and stewards, actively participated in, enabled, and shielded the perpetrators of this hostile work environment, breaching its role and weaponizing internal procedures against the Plaintiff when she reported the misconduct.

### COUNT II: TITLE VII RETALIATION
**(Against Defendant Keolis Transit and Defendant Union)**

20. Plaintiff realleges all prior paragraphs.

21. Plaintiff engaged in protected activity under Title VII by filing internal complaints regarding sexual harassment on July 16, 2025, and subsequent formal charges with the EEOC.

22. Defendants acted in concert to retaliate against Plaintiff for exercising her protected rights. The Union withheld fair representation, displayed open hostility through leadership, and demanded sensitive witness evidence to compromise her claims.

23. Defendant Keolis Transit retaliated by engineering a bad-faith disciplinary hearing on November 19, 2025, utilizing a manufactured pretextual claim of "threatening bodily harm," and abruptly terminating Plaintiff's employment on November 21, 2025, while she was on approved medical leave.

### COUNT III: AMERICANS WITH DISABILITIES ACT (ADA) DISCRIMINATION
**(Against Defendant Keolis Transit)**

24. Plaintiff realleges all prior paragraphs. Plaintiff was a qualified individual with a documented disability approved for intermittent FMLA leave.

25. Keolis Transit possessed explicit medical notice that Plaintiff's condition caused "mood changes" and "negative interactions."

26. Keolis discriminated against Plaintiff by using the explicit behavioral symptoms of her documented medical condition as a pretextual basis to force a hostile disciplinary hearing and terminate her employment on November 21, 2025, rather than engaging in an interactive process or providing reasonable accommodations.

**IV. PRAYER FOR RELIEF**

Plaintiff respectfully requests that this Court enter judgment against Defendants for back pay, front pay, compensatory damages for emotional distress and mental anguish, punitive damages for willful retaliation, and any further relief the Court deems just.

Dated: September 24, 2026

Respectfully submitted,

Tenil S. Adams

**Tenil Samone Adams**
*Plaintiff, Pro Se*
404 W Little Dipper Dr
Killeen, TX 76542

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

TENIL SAMONE ADAMS, Plaintiff v. KEOLIS TRANSIT, INC., et al., Defendants.
**CASE NO. 6:26-CV-00441-CRW-DNM**

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of September, 2026, a true and correct copy of the foregoing First Amended Complaint was served via certified U.S. Mail, return receipt requested, upon the following counsel of record / registered representatives for the Defendants:

**Keolis Transit, Inc. / Registered Agent**
c/o Brent J. Payne
725 Airport Blvd
Austin, TX 78702

**Amalgamated Transit Union (ATU) Local 1091**
c/o Karen Miller
2910 5th St
Austin, TX 78702

Dated: September 24, 2026

Tenil S. Adams

**Tenil Samone Adams**
*Plaintiff, Pro Se*

UNITED STATES POSTAL SERVICE.

COPPER MOUNTAIN
3100 S W S YOUNG DR
KILLEEN, TX 76542-9998
www.usps.com

09/28/2026 09:05 AM

TRACKING NUMBERS
9589 0710 5270 4625 3590 69
9589 0710 5270 4625 3590 52

TRACK STATUS OF ITEMS WITH THIS CODE
(UP TO 25 ITEMS)

TRACK STATUS BY TEXT MESSAGE
Send tracking number to 28777 (2USPS)
Standard message and data rates may apply

TRACK STATUS ONLINE
Visit https://www.usps.com/tracking
Text and e-mail alerts available

PURCHASE DETAILS

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| Priority Mail® Flat Rate Env | 1 | | $12.90 |
| Austin, TX 78702 | | | |
| Flat Rate | | | |
| Expected Delivery Date Thu 10/01/2026 | | | |
| Insurance | | | $0.00 |
| Up to $100.00 included | | | |
| Certified Mail® | | | $5.55 |
| Tracking #: 9589 0710 5270 4625 3590 69 | | | |
| Total | | | $18.45 |
| Priority Mail® Flat Rate Env | 1 | | $12.90 |
| Austin, TX 78702 | | | |
| Flat Rate | | | |
| Expected Delivery Date Thu 10/01/2026 | | | |
| Insurance | | | $0.00 |
| Up to $100.00 included | | | |
| Certified Mail® | | | $5.55 |
| Tracking #: 9589 0710 5270 4625 3590 52 | | | |
| Total | | | $18.45 |

Grand Total: $36.90

Debit Card Remit $36.90

9589 0710 5270 4625 3590 52

## U.S. Postal Service™ CERTIFIED MAIL® RECEIPT

*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Austin, TX 78702 **OFFICIAL USE**

| | | |
|---|---|---|
| Certified Mail Fee $ | $5.55 | 0542 13 |
| Extra Services & Fees (*check box, add fee as appropriate*) | $0.00 | Postmark Here |
| ☐ Return Receipt (hardcopy) $ | $0.00 | |
| ☐ Return Receipt (electronic) $ | $0.00 | |
| ☐ Certified Mail Restricted Delivery $ | $0.00 | |
| ☐ Adult Signature Required $ | $0.00 | |
| ☐ Adult Signature Restricted Delivery $ | | |
| Postage $ | $12.90 | |
| Total Postage and Fees $ | $18.45 | 09/28/2026 |

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

9589 0710 5270 4625 3590 69

## U.S. Postal Service™ CERTIFIED MAIL® RECEIPT

*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Austin, TX 78702 **OFFICIAL USE**

| | | |
|---|---|---|
| Certified Mail Fee $ | $5.55 | 0542 13 |
| Extra Services & Fees (*check box, add fee as appropriate*) | $0.00 | Postmark Here |
| ☐ Return Receipt (hardcopy) $ | $0.00 | |
| ☐ Return Receipt (electronic) $ | $0.00 | |
| ☐ Certified Mail Restricted Delivery $ | $0.00 | |
| ☐ Adult Signature Required $ | $0.00 | |
| ☐ Adult Signature Restricted Delivery $ | | |
| Postage $ | $12.90 | |
| Total Postage and Fees $ | $18.45 | 09/28/2026 |

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions