**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS, WACO DIVISION**

| | | |
|---|---|---|
| **TENIL SAMONE ADAMS,**<br>**Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | **6:26-cv-00441-CRW-DNM** |
| | § | |
| **KEOLIS TRANSIT, INC., and**<br>**AMALGAMATED TRANSIT UNION**<br>**(ATU),**<br>**Defendants.** | § | |

**DEFENDANT AMALGAMATED TRANSIT UNION LOCAL 1091'S ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW Amalgamated Transit Union Local 1091 ("the Local"), incorrectly named in the First Amended Complaint as "Amalgamated Transit Union (ATU)," Defendant, and files this Original Answer to Plaintiff's First Amended Complaint, and in support, would show the Court as follows:

## I. ADMISSIONS AND DENIALS

1. Responding to Paragraph 1 of the First Amended Complaint, the Local admits that Plaintiff was employed by Keolis as a bus operator in Austin, Texas, until Keolis terminated her employment effective November 21, 2025. The Local lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph, and therefore denies them.

2. Responding to Paragraph 2 of the First Amended Complaint, the Local admits that Keolis operates bus service in Austin, Texas, within the Western District of Texas, and that it employs the bargaining-unit employees whom the Local represents. The Local lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph, including the allegations about Keolis's corporate name, and therefore denies them.

3. Responding to Paragraph 3 of the First Amended Complaint, the Local admits that it is a labor organization and that it represents a bargaining unit of Keolis employees in Austin, Texas, which included Plaintiff's bus operator position. Plaintiff has incorrectly named the Local in the First Amended Complaint as "Amalgamated Transit Union (ATU)." The Amalgamated Transit Union, AFL-CIO/CLC, the international union with which the Local is affiliated, is a separate organization. The Local denies all remaining allegations contained in that paragraph.

4. Responding to Paragraph 4 of the First Amended Complaint, the Local admits that Plaintiff purports to assert claims under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act, and that the Court has subject-matter jurisdiction over those claims under 28 U.S.C. § 1331. The Local denies that it violated either statute. The First Amended Complaint asserts no claim against the Local under the Americans with Disabilities Act.

5. Responding to Paragraph 5 of the First Amended Complaint, the Local admits that Plaintiff filed a charge of discrimination against the Local with the U.S. Equal Employment Opportunity Commission ("EEOC"), Charge No. 451-2026-00086, which Plaintiff signed on May 17, 2026. The Local lacks knowledge or information sufficient to form a belief about the truth of the allegations about the Notice of Right to Sue, the date on which Plaintiff received it, and any charge Plaintiff filed against Keolis, and therefore denies them. The Local denies that Plaintiff exhausted her administrative remedies for any claim against the Local that falls outside the scope of that charge or that rests on acts that occurred more than 300 days before she filed it, and denies all remaining allegations contained in that paragraph.

6. Responding to Paragraph 6 of the First Amended Complaint, the Local admits that venue is proper in the Western District of Texas and denies that the Local engaged in any unlawful employment practice.

7. Responding to Paragraph 7 of the First Amended Complaint, the Local lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in that paragraph, and therefore denies them.

8. Responding to Paragraph 8 of the First Amended Complaint, the Local lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in that paragraph, and therefore denies them.

9. Responding to Paragraph 9 of the First Amended Complaint, the Local lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in that paragraph about the complaints Plaintiff made to Keolis, and therefore denies them.

10. Responding to Paragraph 10 of the First Amended Complaint, the Local admits that, by early September 2025, its then-Secretary and then-Vice President knew that Plaintiff had complaints about the conduct of certain coworkers, including some who also served as shop stewards. The Local denies all remaining allegations contained in that paragraph. The Local specifically denies that Plaintiff filed internal union charges against any shop steward and denies that the Local, or any of its officers or stewards acting on its behalf, participated in or enabled a hostile work environment.

11. Responding to Paragraph 11 of the First Amended Complaint, the Local admits that on September 3, 2025, Plaintiff spoke by telephone with the Local's then-Secretary about her dues and the upcoming route markup, and that during the call the Secretary told Plaintiff that Keolis had scheduled disciplinary hearings for her. The Local lacks knowledge or information sufficient

to form a belief about the truth of the allegations about Plaintiff's reaction to the call, and therefore denies them. The Local denies all remaining allegations contained in that paragraph, and specifically denies that its leadership became hostile toward Plaintiff and that the Secretary treated Plaintiff as though she were on trial.

12. Responding to Paragraph 12 of the First Amended Complaint, the Local admits that on September 3, 2025, its then-Vice President, Darrell Sorrells, responding to a text message from Plaintiff, sent Plaintiff a text message stating, "There's due process as you stated in your address, people retaliated against you. We would like to see evidence." The Local further admits that Plaintiff withdrew her request for union representation, which she did by text message to Mr. Sorrells the same day. The Local lacks knowledge or information sufficient to form a belief about the truth of the allegations about statements Plaintiff's coworkers made to her and about Plaintiff's reasons for withdrawing her request, and therefore denies them. The Local denies all remaining allegations contained in that paragraph, and specifically denies that Mr. Sorrells demanded that Plaintiff turn over the names of her witnesses and that the Local shielded any steward accused of misconduct.

13. Responding to Paragraph 13 of the First Amended Complaint, the Local lacks knowledge or information sufficient to form a belief about the truth of the allegations about Plaintiff's communications with Keolis's Human Resources Manager and about any charge Plaintiff filed against Keolis, and therefore denies them. The Local admits that Plaintiff filed Charge No. 451-2026-00086 against the Local, which she signed on May 17, 2026, and of which the EEOC notified the Local on May 26, 2026. The Local denies all remaining allegations contained in that paragraph.

14. Responding to Paragraph 14 of the First Amended Complaint, the Local admits that Keolis held a disciplinary hearing for Plaintiff on November 19, 2025, the date on which Plaintiff had

agreed with Keolis to hold it, and that on November 19, 2025, Plaintiff sent e-mails to Keolis and to the Local objecting to the hearing and asserting that it was retaliatory. The Local lacks knowledge or information sufficient to form a belief about the truth of the allegations about Keolis's investigation and the charges Keolis considered at the hearing, and therefore denies them. The Local denies all remaining allegations contained in that paragraph.

15. Responding to Paragraph 15 of the First Amended Complaint, the Local admits that Keolis terminated Plaintiff's employment effective November 21, 2025, by a written determination issued that day. On information and belief, Plaintiff had returned from medical leave and reported to work on November 19, 2025, and the Local therefore denies that Plaintiff was on approved medical leave when Keolis terminated her employment. The Local lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph, and therefore denies them.

16. Responding to Paragraph 16 of the First Amended Complaint, the Local incorporates its responses to Paragraphs 1 through 15.

17. Responding to Paragraph 17 of the First Amended Complaint, the Local denies that it subjected Plaintiff to sexual harassment or to a hostile work environment. The Local lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph about the conduct of Plaintiff's coworkers, and therefore denies them.

18. Responding to Paragraph 18 of the First Amended Complaint, the allegations contained in that paragraph are directed at Keolis, and no response from the Local is required. To the extent a response is required, the Local lacks knowledge or information sufficient to form a belief about the truth of those allegations, and therefore denies them.

19. Responding to Paragraph 19 of the First Amended Complaint, the Local denies all the allegations contained in that paragraph. The Local specifically denies that it, or any of its officers or stewards acting on its behalf, participated in, enabled, or shielded any harassment of Plaintiff, and denies that it used its internal procedures against Plaintiff.

20. Responding to Paragraph 20 of the First Amended Complaint, the Local incorporates its responses to Paragraphs 1 through 19.

21. Responding to Paragraph 21 of the First Amended Complaint, the Local admits that Plaintiff filed Charge No. 451-2026-00086 against the Local with the EEOC. The Local lacks knowledge or information sufficient to form a belief about the truth of the allegations about the internal complaints Plaintiff alleges she made to Keolis on July 16, 2025, and about any charge Plaintiff filed against Keolis, and therefore denies them. The Local denies all remaining allegations contained in that paragraph.

22. Responding to Paragraph 22 of the First Amended Complaint, the Local denies all the allegations contained in that paragraph. The Local specifically denies that it acted in concert with Keolis, that it withheld fair representation from Plaintiff, that its leadership displayed hostility toward Plaintiff, and that it sought evidence from Plaintiff to compromise her claims. The Local assigned its then-Vice President to represent Plaintiff at her disciplinary hearings, and Plaintiff declined that representation in writing more than once, including in a text message to Keolis on October 23, 2025, and at her hearing on November 19, 2025.

23. Responding to Paragraph 23 of the First Amended Complaint, the allegations contained in that paragraph are directed at Keolis, and no response from the Local is required. To the extent a response is required, the Local admits that Keolis held a disciplinary hearing for Plaintiff on November 19, 2025, and terminated her employment effective November 21, 2025. The Local

lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that paragraph, and therefore denies them.

24. Responding to Paragraphs 24 through 26 of the First Amended Complaint, those paragraphs assert a claim under the Americans with Disabilities Act against Keolis only, and no response from the Local is required. To the extent a response is required, the Local lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in those paragraphs, and therefore denies them.

25. Responding to the Prayer for Relief in the First Amended Complaint, the Local denies that Plaintiff is entitled to any of the relief sought against the Local.

26. The headings in the First Amended Complaint are not allegations requiring a response. To the extent they are construed as allegations against the Local, the Local denies them. The Local denies every allegation in the First Amended Complaint that it has not expressly admitted above.

## II. AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matter for which Plaintiff bears the burden, the Local asserts the following defenses.

27. *Failure to state a claim.* The First Amended Complaint fails to state a claim against the Local upon which relief can be granted. A labor organization is liable under Title VII for its conduct, such as causing or attempting to cause an employer to discriminate, *see* 42 U.S.C. § 2000e-2(c)(3); it is not liable for harassment by an employer or by coworkers that it did not instigate or actively support. The First Amended Complaint alleges no facts showing that the Local did either, and it alleges no materially adverse action by the Local.

28. *Not Plaintiff's employer.* The Local was not Plaintiff's employer. It did not control the terms and conditions of her employment and had no authority to discipline her or to terminate her

employment. Keolis alone made the decision to terminate Plaintiff's employment, and the Local is not liable for any lost wages or benefits that resulted from that decision.

29. *Plaintiff declined representation.* The Local assigned a representative to Plaintiff for her disciplinary hearings. Plaintiff declined union representation in writing on September 3, 2025, on October 23, 2025, and at her hearing on November 19, 2025. Any harm Plaintiff attributes to the absence of union representation at her hearing resulted from her choice.

30. *Legitimate, non-retaliatory reasons.* Every action the Local took with respect to Plaintiff was taken for legitimate, non-discriminatory, and non-retaliatory reasons, and the Local would have taken the same actions in the absence of any protected activity.

31. *Untimely charge.* Plaintiff's claims against the Local are barred to the extent they rest on acts that occurred more than 300 days before Plaintiff filed her charge of discrimination, which she signed on May 17, 2026. *See* 42 U.S.C. § 2000e-5(e)(1).

32. *Failure to exhaust administrative remedies.* Plaintiff's claims against the Local are barred to the extent they exceed the scope of Charge No. 451-2026-00086 and of the EEOC investigation that could reasonably be expected to grow out of it.

33. *Duty of fair representation.* To the extent the First Amended Complaint is construed to assert a claim that the Local breached its duty of fair representation, that claim is barred by the six-month limitations period that governs it, *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151 (1983), and by Plaintiff's failure to exhaust the internal union remedies available to her. In addition, the Local's conduct toward Plaintiff was not arbitrary, discriminatory, or in bad faith.

34. *Statutory limits on damages.* Any recovery of compensatory and punitive damages against the Local is limited by 42 U.S.C. § 1981a(b)(3).

35. *Punitive damages.* The Local did not act with malice or with reckless indifference to Plaintiff's federally protected rights, and it made good-faith efforts to comply with Title VII. Plaintiff is not entitled to punitive damages against the Local.

36. *Mitigation and offset.* To the extent Plaintiff seeks lost wages from the Local, her recovery is barred or reduced by any failure to mitigate her damages and must be offset by her interim earnings and benefits.

37. The Local reserves the right to amend this Answer to assert additional defenses as discovery proceeds.

## III. CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Local prays that Plaintiff take nothing on her claims against the Local, that those claims be dismissed with prejudice, that the Local recover its costs, and that the Local be granted any and all other relief to which it may be entitled.

*Respectfully submitted,*

DEATS DURST & OWEN, P.L.L.C.
Matt Bachop
TBN: 24055127
mbachop@ddollaw.com
2901 Bee Caves Rd., Ste. L
Austin, Texas 78746
(512) 474-6200
FAX (512) 474-7896

*/s/ Matt Bachop*
COUNSEL FOR DEFENDANT
ATU LOCAL 1091

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record by the Court's CM/ECF system, and on Plaintiff, who is proceeding pro se, by first-class U.S. mail and by certified mail, return receipt requested, at 3410 Cottonpatch Dr., Killeen, Texas 76549, and at 404 W. Little Dipper Dr., Killeen, Texas 76542, on this 5th day of November, 2026.

*/s/ Matt Bachop*
Matt Bachop