**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **TENIL SAMONE ADAMS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**KEOLIS TRANSIT, INC., and AMALGAMATED TRANSIT UNION (ATU),**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. 6:26-CV-00441-CRW-DNM** |

**DEFENDANT'S RULE 12(b)(3) AND 12(b)(6) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Keolis Transit America, Inc., incorrectly named as Keolis Transit, Inc. ("Keolis" or "Defendant"),[1] moves to dismiss Plaintiff Tenil Samone Adams's ("Plaintiff") First Amended Complaint ("Complaint"), Dkt. 14, under Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6). The Complaint fails to state a plausible claim for a sex-based hostile work environment or retaliation under Title VII, or for disability discrimination under the Americans with Disabilities Act ("ADA"). Rather than plead specific facts, Plaintiff relies on conclusory statements and generalized assertions. And where she does plead specifics, they undercut her claims: she alleges that her employment was terminated after she was accused of threatening bodily harm to Keolis's Human Resources Manager, and her own allegations call into question whether she could perform the essential functions of a bus operator. Her claims also outrun her administrative charge. The only EEOC charge she filed against Keolis does not mention her

[1] Plaintiff names "Keolis Transit, Inc." as a defendant. Plaintiff was employed by Keolis Transit America, Inc., not Keolis Transit, Inc. Keolis Transit America, Inc. appears and files this Motion on the understanding that it is the entity Plaintiff intended to sue, without waiving any defense. Plaintiff should be required to amend her Complaint to name the correct entity. If she does not, Keolis moves to dismiss on this additional basis.

termination, and the harassment it describes began more than ten months before she filed it. These deficiencies warrant dismissal.

Separately, every event alleged in the Complaint occurred in Austin, Texas, at Keolis's Capital Metro operations. This case has no connection to the Waco Division apart from Plaintiff's residence. Keolis objects to venue in this Division under Rule 12(b)(3) and will imminently move to transfer this action to the Austin Division under 28 U.S.C. § 1404. Keolis respectfully asks the Court to resolve the forthcoming transfer motion before reaching the merits arguments in this Motion.

## I. RELEVANT BACKGROUND

Plaintiff alleges that she was employed by Keolis as a bus operator in Austin, Texas. Dkt. 14 ¶ 1.[2] Plaintiff alleges that she provided Defendant with a list of symptoms resulting from her medical condition on March 31, 2025, and that Defendant approved intermittent FMLA leave for her on April 1, 2025. *Id.* ¶¶ 7–8. Plaintiff generally claims that she submitted a sexual harassment concern to Defendant's HR department on July 16, 2025. *Id.* ¶ 9. Plaintiff alleges that, after following up with HR on August 29, 2025, she "filed formal charges of discrimination and retaliation with the EEOC." *Id.* ¶ 13. Plaintiff further alleges that she attended a disciplinary hearing on November 19, 2025, concerning a claim that she "threatened bodily harm" to HR Manager Davia McDonald, and that her employment was terminated on November 21, 2025. *Id.* ¶¶ 14–15.

Plaintiff alleges that she exhausted her administrative remedies under "Charge No. 451-2026-00086," on which she received a Notice of Right to Sue dated September 21, 2026. *Id.* ¶ 5. However, the charge Plaintiff filed against Keolis is Charge No. 451-2026-01161. *See* Dkt. 13-1

[2] As noted above, Plaintiff was employed by Keolis Transit America, Inc., not Keolis Transit, Inc.

at 6. Plaintiff dated that charge November 19, 2025. *Id.* The charge alleges sexual harassment beginning "[b]y around March 15, 2024," a denied request for accommodation, and discipline following her complaints, and it identifies November 19, 2025, as the date of "the most recent problematic action." *Id.* It does not mention Plaintiff's termination. *See id.* The EEOC issued a Notice of Right to Sue on that charge on April 9, 2026. Dkt. 13-1 at 1. Plaintiff's Original Complaint is dated July 9, 2026, 91 days later. Dkt. 1-1.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) empowers district courts to dismiss a plaintiff's claims if the plaintiff cannot plausibly allege any set of facts in support of her claim that entitles her to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Rather, a plaintiff is required "to plead sufficient facts on all of the ultimate elements of [her] claim." *Norsworthy v. Hous. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023) (quoting *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted). Although *pro se* pleadings are construed liberally, a *pro se* plaintiff, like any other, must plead factual allegations rather than conclusions. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

In ruling on a Rule 12(b)(6) motion, the Court may consider documents attached to the motion that are referenced in the complaint and central to the plaintiff's claims, as well as matters of public record. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007). Plaintiff's EEOC charge and Notice of Right to Sue meet both tests: Plaintiff relies on her EEOC charge and Notice of Right to Sue to establish exhaustion, Dkt. 14 ¶ 5, and both are public agency records.

## III. ARGUMENT & AUTHORITIES

### A. Venue is improper in the Waco Division.

Rule 12(b)(3) permits a defendant to move to dismiss or transfer for improper venue. Venue for Plaintiff's Title VII and ADA claims is governed by 42 U.S.C. § 2000e-5(f)(3), *see* 42 U.S.C. § 12117(a), which ties venue to the place where the alleged unlawful employment practice was committed, where the relevant employment records are maintained and administered, or where the plaintiff would have worked but for the alleged unlawful practice. Each of those locations is Austin.

Plaintiff worked out of Keolis's Capital Metro operations in Austin, Dkt. 14 ¶ 1; the disciplinary hearing and the termination decision she challenges occurred there, Dkt. 14 ¶¶ 14–15; and Keolis's Human Resources personnel and records are located there. Travis County lies in the Austin Division of this District. 28 U.S.C. § 124(d)(1). Plaintiff pleads no fact connecting her claims to the Waco Division. Her only connection to this Division is her residence in Killeen, *see* Dkt. 14 at 4, which is not a basis for venue under § 2000e-5(f)(3).

Keolis recognizes that § 2000e-5(f)(3) speaks in terms of judicial districts. *See Atlantic Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 55–56 (2013). Keolis raises this objection under Rule 12(b)(3) to preserve it, *see* FED. R. CIV. P. 12(h)(1), and requests in the alternative that the Court transfer this action to the Austin Division under 28 U.S.C. § 1404, as set out in Keolis's imminently forthcoming Motion to Transfer Venue. Because a pending transfer motion should be decided before the Court reaches other matters, *In re Horseshoe Ent.*, 337 F.3d 429, 433 (5th Cir. 2003), Keolis respectfully requests that the Court rule on the transfer motion first.

**B. Plaintiff's claims are limited by the scope and timing of her EEOC charge.**

Before suing under Title VII or the ADA, a plaintiff must exhaust administrative remedies by filing a timely charge with the EEOC. *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006); *see* 42 U.S.C. § 12117(a). This requirement is a mandatory claim-processing rule that must be enforced when, as here, the employer timely raises it. *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1849–51 (2019). A plaintiff's lawsuit is limited to the claims in her charge and those that could "reasonably be expected to grow out of the charge of discrimination." *Pacheco*, 448 F.3d at 789 (internal quotation omitted). And in Texas, a charge must be filed within 300 days of the challenged conduct to preserve federal claims. 42 U.S.C. § 2000e-5(e)(1); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109–10 (2002).

**C. Plaintiff's termination is outside the scope of her charge.**

Each discrete act, including a termination, "constitutes a separate actionable 'unlawful employment practice'" that must be timely charged. *Morgan*, 536 U.S. at 114. Plaintiff's charge against Keolis identifies November 19, 2025, as the latest relevant date and does not mention her termination, nor did she amend her charge or file a further charge. *See* Dkt. 13-1 at 6. Plaintiff's Title VII retaliation and ADA claims should therefore be dismissed to the extent they are based on her termination. Dkt. 14 ¶¶ 23, 26.

**D. Conduct before January 23, 2025, is time-barred.**

Even using the earliest possible filing date, November 19, 2025, any conduct occurring before January 23, 2025, is untimely. Plaintiff's charge asserts that the alleged harassment began around March 15, 2024. Dkt. 13-1 at 6. To rely on conduct outside the limitations period for a hostile work environment claim, Plaintiff must plead that "an act contributing to the claim occur[red] within the filing period" and that the earlier conduct was part of the same actionable hostile environment. *Morgan*, 536 U.S. at 117–18. The Complaint identifies no specific harassing act within the 300-day period. *See* Dkt. 14 ¶¶ 9, 17. Plaintiff's hostile work environment claim is therefore time-barred to the extent it rests on conduct before January 23, 2025.

**E. Plaintiff's suit against Keolis is untimely.**

A Title VII or ADA plaintiff must file suit within 90 days of receiving her notice of right to sue, and that requirement is strictly construed. 42 U.S.C. § 2000e-5(f)(1); *Taylor*, 296 F.3d at 379. The EEOC issued Plaintiff's Notice of Right to Sue on her charge against Keolis on April 9, 2026. Dkt. 13-1 at 1. The Notice directed Plaintiff to the EEOC Public Portal and listed an email contact, inferring that Plaintiff received the Notice electronically. *Id.* Ninety days from April 9, 2026, was July 8, 2026. Plaintiff's Original Complaint is dated July 9, 2026. Dkt. 1-1. Plaintiff's Title VII and ADA claims against Keolis are therefore time-barred. The September 21, 2026, Notice Plaintiff cites in Dkt. 14 concerns a different charge, against a different respondent, and cannot revive her claims against Keolis.

**F. Plaintiff fails to plead a plausible hostile work environment claim due to sex.**

Plaintiff's Complaint lacks sufficient facts to support an actionable sexual hostile work environment claim under Title VII. To plead a *prima facie* case, Plaintiff must allege that: (1) she belonged to a protected class; (2) she was subject to unwelcome harassment; (3) the harassment

was based on the protected category; (4) the harassment affected a term, condition, or privilege of her employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012). Harassment affects a term, condition, or privilege of employment if it is sufficiently severe or pervasive to alter the conditions of the complaining party's employment and create an abusive working environment. *Id.* "To be actionable, the work environment must be 'both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so.'" *Id.* (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998)). "[H]arassment must consist of more than 'simple teasing, offhand comments, and isolated incidents (unless extremely serious).'" *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 401 (5th Cir. 2013) (quoting *Faragher*, 524 U.S. at 788).

Plaintiff fails to allege facts supporting the third, fourth, or fifth elements. Her allegations are generalized recitations of the elements. *See* Dkt. 14 ¶¶ 9, 17–18; *Twombly*, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do."). She does not say when, how, or by whom the claimed harassment occurred. She does not link it to her sex, and she does not explain how it affected a term or condition of her employment. Nor does she plead facts showing that Keolis knew of the harassment and failed to take prompt remedial action. The alleged harassers are coworkers and union representatives, not supervisors, *see* Dkt. 14 ¶ 19, so Plaintiff must plead facts showing that Keolis was negligent in responding. She offers only the conclusion that Keolis "failed to launch an investigation, take corrective actions, or implement protective measures." *Id.* ¶ 18. Without adequately pleading these elements, Plaintiff's claim fails and should be dismissed.

**G. Plaintiff does not plead sufficient facts to allege a claim of retaliation.**

To state a retaliation claim, Plaintiff must allege that "(1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) a causal link connects the two." *Martinez v. Tex. Dep't of Transp.*, No. 5:25-CV-01297-JKP, 2026 WL 2621209, at *8 (W.D. Tex. Sept. 3, 2026) (citing *Daniels v. LAZ Parking*, No. 25-50894, 2026 WL 781322, at *2 (5th Cir. Mar. 19, 2026)). Plaintiff has not plausibly alleged a causal link.

Plaintiff relies on timing alone, and the timing she pleads does not support an inference of causation. Temporal proximity can support causation only when it is "very close." *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001). Plaintiff's internal complaint was made on July 16, 2025, more than four months before her November 21, 2025, termination. Dkt. 14 ¶¶ 9, 15.

More fundamentally, Plaintiff affirmatively pleads an intervening, legitimate, and non-retaliatory reason for her termination: an accusation that she "threatened bodily harm" to Keolis's HR Manager, which was the subject of the disciplinary hearing held two days before her termination. Dkt. 14 ¶¶ 14, 23. Plaintiff labels that accusation "fabricat[ed]" and "pretextual," *id.*, but labels are not facts. She pleads nothing suggesting that the decision-makers did not believe the report or that they acted because of her July complaint rather than because of the threat allegation. When a plaintiff's own allegations supply an obvious alternative explanation for the challenged action, timing alone does not nudge a retaliation claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *see Iqbal*, 556 U.S. at 682. Plaintiff's retaliation claim should be dismissed.

**H. Plaintiff fails to plead a plausible disability discrimination claim.**

Count III is styled as a claim for ADA "discrimination," and it alleges that Keolis disciplined and terminated Plaintiff because of the behavioral symptoms of her condition. Dkt.

14 ¶¶ 24–26. In passing, it also faults Keolis for not "engaging in an interactive process or providing reasonable accommodations." *Id.* ¶ 26. Plaintiff fails to state a claim under either theory.

**1. Disability discrimination.**

To successfully allege disability discrimination, "the prima facie case requires the plaintiff (1) to have a disability; (2) be 'qualified for the job,' and (3) be 'subject to an adverse employment decision on account of [the] disability.'" *Caruso v. Hill Country Mental Health & Dev. Disabilities Ctrs.*, 801 F. Supp. 3d 641, 665 (W.D. Tex. 2025) (quoting *Mueck v. La Grange Acquisitions, L.P.*, 75 F.4th 469, 483 (5th Cir. 2023)). Plaintiff does not plead facts supporting these elements. She alleges only that she was approved for intermittent FMLA leave, Dkt. 14 ¶¶ 8, 24, which is not the same as a disability under the ADA.

Her own allegations also call into question whether she was qualified. She pleads that her condition caused "mood changes" and "negative interactions," *id.* ¶¶ 7, 25, in a safety-sensitive position operating a public transit bus and interacting with riders and coworkers. Nor does she plead facts linking her alleged disability to her termination. To the contrary, she pleads that she was terminated after a hearing on an accusation that she threatened bodily harm to a Keolis manager. *Id.* ¶¶ 14–15. The ADA does not shield an employee from discipline for threatening conduct merely because she attributes that conduct to a medical condition. *Harkey v. NextGen Healthcare, Inc.*, No. 21-50132, 2022 WL 2764870, at *4 (5th Cir. Jul. 15, 2022) ("That [the plaintiff's] 'severe, unprofessional, [and] inappropriate' conduct was purportedly caused by her [disability] is of no matter. The ADA does not give employees license to act with impunity."); *see also Seaman v. CSPH, Inc.*, 179 F.3d 297, 301 (5th Cir. 1999) ("[Plaintiff] may not use the ADA as an aegis and thus avoid accountability for his own actions.").

**2. Failure to accommodate.**

To plead a *prima facie* case of failure to accommodate, Plaintiff must allege that: "(1) [s]he is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered entity; and (3) the entity failed to make reasonable accommodations." *Caruso*, 801 F. Supp. 3d at 662 (quoting *Ball v. LeBlanc*, 792 F.3d 584, 596 n.9 (5th Cir. 2015)). Further:

> The ADA does not require an employer to transfer from the disabled employee any of the essential functions of his job, and a court cannot determine that a plaintiff can perform the essential functions of his or her job with reasonable accommodation if the only successful accommodation is for [the plaintiff] not to perform those essential functions.

*Jiles v. Wright Med. Tech., Inc.*, 313 F. Supp. 3d 822, 842 (S.D. Tex. 2018) (internal quotations omitted) (quoting *Barber v. Nabors Drilling U.S.A., Inc.*, 130 F.3d 702, 709 (5th Cir. 1997)). Plaintiff does not identify any accommodation she requested that Keolis denied. The only accommodation the Complaint describes, intermittent leave, Keolis approved. Dkt. 14 ¶ 8. An alleged failure to engage in the interactive process is not independently actionable; it matters only if it led to a failure to provide a reasonable accommodation that was available. *See Loulseged v. Akzo Nobel Inc.*, 178 F.3d 731, 736 & n.6 (5th Cir. 1999). Plaintiff's ADA claim fails under either theory and should be dismissed.

## IV. CONCLUSION

Keolis respectfully requests that the Court first rule on its imminently forthcoming Motion to Transfer Venue to the Austin Division. Keolis further requests that the Court grant this Motion and dismiss Plaintiff's claims against it. All of Plaintiff's claims against Keolis should be dismissed with prejudice as untimely. Alternatively, claims based on her termination and on conduct before January 23, 2025, should be dismissed with prejudice for failure to exhaust and

as time-barred. Finally, any of Plaintiff's remaining claims should be dismissed for failure to state a claim.

Dated: November 5, 2026

Respectfully submitted,

*/s/ Kelli Fuqua*

Kelli Fuqua
Texas Bar No. 24097713
kfuqua@littler.com
Gregory Dimirsky
Texas Bar No. 24142609
gdimirsky@littler.com
LITTLER MENDELSON, P.C.
100 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone: 512.982.7250
Facsimile: 512.597.2576

**Attorneys for Defendant Keolis Transit America, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2026, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system and was served on the following *pro se* Plaintiff by certified mail, return receipt requested, and first-class U.S. mail and by email to teniladams15@gmail.com, in accordance with Federal Rule of Civil Procedure 5(b)(2):

Tenil Samone Adams
3410 Cotton Patch Drive
Killeen, Texas 76549

***Pro Se Plaintiff***

*/s/ Gregory Dimirsky*
Gregory Dimirsky