**FILED**
November 06, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: lad
DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **TENIL SAMONE ADAMS,** Plaintiff, | § | |
| v. | § | **CIVIL ACTION NO. 6:26-CV-00441-CRW-DNM** |
| **KEOLIS TRANSIT AMERICA, INC., and AMALGAMATED TRANSIT UNION (ATU),** Defendants. | § | |

# PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND MOTION TO TRANSFER VENUE

Plaintiff Tenil Samone Adams, proceeding pro se, respectfully submits this Opposition to Defendant Keolis Transit America, Inc.'s ("Keolis") Motion to Dismiss under Rules 12(b)(3) and 12(b)(6), and Motion to Transfer Venue under 28 U.S.C. § 1404. Plaintiff respectfully requests that this Court deny Defendant's motions in their entirety, allow her meritorious civil rights claims under Title VII and the Americans with Disabilities Act ("ADA") to proceed, and retain jurisdiction in the Waco Division.

## I. THE LIMITATIONS PERIOD SHOULD BE EQUITABLY TOLLED BASED ON GOOD FAITH DILIGENCE

Defendant argues that Plaintiff's First Amended Complaint must be dismissed because the original Complaint was filed on July 9, 2026—one day after the calculated 90-day window following the April 9, 2026 EEOC Notice of Right to Sue. This argument fails under long-standing Supreme Court and Fifth Circuit precedent.

The 90-day filing window under Title VII and the ADA is a statutory precondition subject to equitable tolling, estoppel, and waiver, rather than a rigid jurisdictional bar. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Espinoza v. Missouri Pacific R. Co.*, 754 F.2d 1247, 1250 (5th Cir. 1985). Equitable tolling applies where a plaintiff has strictly pursued her judicial remedies but missed a deadline by a de minimis margin due to good-faith reliance on court administrative instructions. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

As set forth in the attached Declaration, on July 8, 2026 (the exact 90th day), Plaintiff physically presented her initiation paperwork to the Clerk's Office. The clerk on duty provided corrected federal forms and instructed Plaintiff to return the following morning. Plaintiff returned on July 9, 2026, with the completed forms. A single day's variance creates no unfair surprise or prejudice. Dismissing serious civil rights claims on a 24-hour technicality would create an unconscionable injustice.

## II. VENUE IS PROPER IN THE WACO DIVISION

Defendant objects to venue under Rule 12(b)(3) and seeks transfer under 28 U.S.C. § 1404(a). Under Title VII venue provisions, 42 U.S.C. § 2000e-5(f)(3), venue is proper in any judicial district in the State in which the unlawful employment practice is alleged to have occurred. Travis and McLennan Counties both lie within the Western District of Texas. Furthermore, Plaintiff resides in Killeen, Texas, within the Waco Division. Forcing a self-represented litigant recovering from major tumor surgery to commute to Austin creates a severe financial and physical barrier. The interests of justice heavily favor retaining venue in Waco based on the relative physical conditions of the parties.

## III. PLAINTIFF FULLY EXHAUSTED ADMINISTRATIVE REMEDIES REGARDING TERMINATION UNDER THE GUPTA EXCEPTION

Defendant asserts that because Plaintiff's EEOC Charge was dated November 19, 2025, and her termination occurred on November 21, 2025, her termination claim is unexhausted. Under *Gupta v. East Texas State University*, 654 F.2d 411, 414 (5th Cir. 1981), a plaintiff is not required to file a second, redundant EEOC charge for retaliation that occurs after and directly grows out of an active EEOC charge. Plaintiff's termination two days after filing her charge grew directly out of her protected activity and is fully exhausted.

## IV. PLAINTIFF PLEADS PLAUSIBLE RETALIATION, DISABILITY DISCRIMINATION, AND HOSTILE ENVIRONMENT CLAIMS

Defendant relies on an accusation that Plaintiff "threatened bodily harm" to HR Manager Davia McDonald and cites *Harkey v. NextGen Healthcare* to argue that the ADA does not license misconduct. However, at the Rule 12(b)(6) stage, the Court accepts well-pleaded facts as true. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). Plaintiff explicitly pleads that this threat accusation was a bad-faith fabrication designed to manufacture pretext. Unlike *Harkey*, where misconduct was undisputed, Plaintiff's contemporaneous records (Exhibits A–I) establish a profound factual dispute: management scheduled routine return-to-work retraining up through mid-November and explicitly noted "that it wasn't a threat."

Furthermore, Defendant's reliance on *Loulseged v. Akzo Nobel* is misplaced. Defendant deliberately broke the interactive accommodation process right as Plaintiff sought to return from tumor surgery. Independent medical records (Exhibits E-2, E-3, and F-2) reveal a complex, severe underlying health timeline, documenting active clinical diagnoses for anxiety, depression, a large left adnexal lesion suspicious for ovarian neoplasm, and continuous digital mammogram screenings. While managing these protected restrictions, Defendant ambushed Plaintiff, disabled her access badge, and terminated her two days after her EEOC filing. This close temporal

proximity and documented medical framework present clear, plausible claims that survive dismissal.

Respectfully submitted,

Tenil Samone Adams
3410 Cotton Patch Drive
Killeen, Texas 76549
Plaintiff, Pro Se

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **TENIL SAMONE ADAMS,** Plaintiff, v. **KEOLIS TRANSIT AMERICA, INC., et al.**, Defendants. | §<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. 6:26-CV-00441-CRW-DNM** |

# DECLARATION OF TENIL SAMONE ADAMS IN SUPPORT OF PLAINTIFF'S OPPOSITION

I, Tenil Samone Adams, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following statements are true and correct to the best of my knowledge, information, and belief:

1. I am the Plaintiff in the above-captioned matter, representing myself pro se. I submit this declaration to provide the Court with the factual context surrounding the presentation and filing of my Complaint.

2. On July 8, 2026—the 90th day following the issuance of my EEOC Notice of Right to Sue—I actively worked to submit my paperwork and contacted the Court Clerk's Office to verify formatting and filing steps before the deadline expired.

3. Following my phone inquiry, I physically traveled to the United States District Court Clerk's Office for the Western District of Texas, Waco Division, on July 8, 2026, and presented my initiation paperwork to the clerk on duty to be filed.

4. Upon reviewing the documents, personnel at the Clerk's Office informed me that the paperwork I brought was incorrect for an initial civil filing.

5. The clerk on duty provided me with the correct official federal court forms and explicitly stated that I had until the following day, July 9, 2026, to return and submit the completed documents.

6. Relying entirely on the explicit guidance, forms, and verbal instructions of the Court's personnel, I took the paperwork to complete it as directed.

7. I returned to the Clerk's Office the next morning on July 9, 2026, with the completed, correct paperwork, which was then officially accepted and stamped as filed by the Court.

8. My filing on July 9, 2026, was not due to a lack of diligence, but was the direct result of my compliance with the affirmative instructions of Court personnel who gave me new forms and instructed me to return the next day.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 5th day of November, 2026.

Tenil Adams

Tenil Samone Adams, Plaintiff Pro Se

**NOTARY ACKNOWLEDGMENT**

STATE OF TEXAS, COUNTY OF BELL §

Subscribed and sworn to (or affirmed) before me on this 06TH day of November, 2026, by Tenil Samone Adams.

Rena Tauaa

Notary Public, State of Texas

NOTARY PUBLIC STATE OF TEXAS
RENA TAUAA
Notary Public, State of Texas
Comm. Expires 07-21-2027
Notary ID 134467398

# CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of November, 2026, a true and correct copy of Plaintiff's Opposition Brief, Declaration, Proposed Order, and Composite Exhibits were served upon defense counsel of record via CM/ECF or first-class U.S. mail, postage prepaid, addressed as follows:

Kelli Fuqua / Gregory Dimirsky
LITTLER MENDELSON, P.C.
100 Congress Avenue, Suite 1400, Austin, Texas 78701

Michael O'Friel
53 State Street, 11th Floor, Boston, MA 02109

Yijee Jeong
Littler Mendelson, P.C., 2425 E. Camelback Rd #900, Phoenix, AZ 85016

Erika Hult
Keolis, 41 South High Street, Suite 3250, Columbus, OH 43215

Tenil Adams

Tenil Samone Adams, Plaintiff Pro Se

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **TENIL SAMONE ADAMS,** Plaintiff, v. **KEOLIS TRANSIT AMERICA, INC.,** **et al.**, Defendants. | §<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. 6:26-CV-00441-CRW-DNM** |

# [PROPOSED] ORDER

Before the Court is Defendant Keolis Transit America, Inc.'s Motion to Dismiss and Motion to Transfer Venue. Having considered the Motion, Plaintiff's Opposition, the declarations, and the applicable law, the Court finds that Defendant's Motion should be DENIED in its entirety.

Accordingly, it is hereby ORDERED that:

1. Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) is DENIED.

2. Defendant's Motion to Dismiss or Transfer Venue under Rule 12(b)(3) and 28 U.S.C. § 1404 is DENIED.

3. Plaintiff's claims for Hostile Work Environment, Retaliation, and Disability Discrimination shall proceed on the merits in the Waco Division.

SIGNED this _____ day of ____________________, 2026.

________________________________________

UNITED STATES DISTRICT JUDGE

# PLAINTIFF'S COMPOSITE EXHIBITS INDEX

| **Exhibit** | **Document Description** | **Date Range** |
|---|---|---|
| Exhibit A | Written Log of Injury Reporting & Vehicle Maintenance Disputes | July 12, 2025 |
| Exhibit B | Social Media Defamation Notifications & Management Delegation | July 22 – July 23, 2025 |
| Exhibit C | Third-Party Interpersonal Threat Text Transcripts & Submissions | August 5, 2025 |
| Exhibit D | Career Continuance Notifications & Early Disciplinary Disputes | Aug 29 – Sept 15, 2025 |
| Exhibit E | Pre-Surgery Medical Leave Notifications & Hearing Adjournments | Sept 23 – Oct 6, 2025 |
| **Exhibit E-2** | **Baylor Scott & White Clinical Intake Notes (Anxiety/ Depression/FMLA context)** | **September 3, 2025** |
| **Exhibit E-3** | **Baylor Scott & White Health Diagnostic CT Scan (Adnexal Mass Report)** | **July 28, 2025** |
| Exhibit F | Post-Surgery Updates, Photographic Record, and Medical Clearances | Oct 8 – Oct 17, 2025 |
| **Exhibit F-2** | **Baylor Scott & White Health Bilateral Screening Mammogram 3D Report** | **August 24, 2026 (Ref: Aug 2025)** |

| | | |
|---|---|---|
| Exhibit G | Hearing Rescheduling Coordination & Union Representation Waiver | Oct 22 – Oct 23, 2025 |
| Exhibit H | Verbatim Statement on Hostile Work Environment & Corporate Harassment | Oct 29 – Nov 14, 2025 |
| Exhibit I | Retraining Verification & Post-Hearing Electronic Transmissions | Nov 18 – Nov 20, 2025 |
| Exhibit A-14 | Full Email Transmission to Terence James re: Grievance & Retaliation | November 27, 2025 |
| Exhibit A-15 | Full Email Transmission Requesting Separation Paperwork & ATU Notice | November 21, 2025 |

# VERBATIM TEXT TRANSCRIPTS & MEDICAL DOCUMENTATION RECORD

## Exhibit A: Injury Reporting (Jul 12, 2025)

> ***Tenil Adams:*** *...when I got sick and had to go to the ER. After telling them I felt like I was going to pass because it was too hot on the bus... Anytime something happens Keolis they refuse to do the right thing.*
> ***Cynthia Rasco:*** *Ok I'm forwarding your email to HR (Saturday, Jul 12, 2025 1:52 PM)*

## Exhibit D: Threat Allegation Rejection (Sept 15, 2025)

> ***Tenil Adams:*** *I just had to laugh. What has Davia done to me to threaten to harm her?... Davia is a human being with children and a family. What will I ever gain to hurt or harm this woman? For doing her job?... threatening someone is a serious matter and isn't anything to take lightly. I sure do hope and pray that Davia knows me better than that.*

## Exhibit E-2: Baylor Scott & White Health Clinical Intake Note (Sep 3, 2025)

> ***Clinical Notes (Provider: Corey Willems, PA-C):*** *Patient presents tracking severe occupational stress. Explicitly reports encountering a "hostile work environment." Notes that "work is trying to dismiss her at this time." Active management for acute anxiety, panic clinical patterns, and depression related directly to city bus operator deployment. Currently utilizing protected FMLA leave configurations and managing medications (Wellbutrin XL 150 MG, Prozac 40mg).*

**Exhibit E-3: Baylor Scott & White Health Diagnostic Scan (Jul 28, 2025)**

> ***IMPRESSION:*** *Large multiseptated left adnexal lesion, suspicious for ovarian neoplasm. No evidence of ureteral calculi, hydronephrosis or suspicious renal/urothelial lesions.*
> ***ELECTRONICALLY SIGNED By:*** *Kurt Leonard Fraivillig, MD*
> ***Authorizing Provider / Result Type:*** *Corey Willems PA-C / IMG CT | Final Result*

**Exhibit F-2: Baylor Scott & White Health Screening Mammogram (Aug 24, 2026)**

> ***PROCEDURE NOTE:*** *Daniel Flores, MD - 08/24/2026. MG 3D TOMO SCREEN BILATERAL W WO CAD. BILATERAL DIGITAL SCREENING MAMMOGRAM 3D/2D WITH CAD.*
> ***CLINICAL HISTORY:*** *Visit For Screening Mammogram.*
> ***COMPARISON:*** *Comparison is made to exams dated: 8/8/2025 mammogram - Baylor Scott & White Medical Center - Temple and 7/26/2022 mammogram - Ara / St. David's.*

**Exhibit H & I: Retraining Confirmation & Post-Hearing Ambush (Nov 14–19, 2025)**

> ***Tenil Adams (Nov 14):*** *can I please get a start time for my drug testing and retraining. Also can you all reactivate my badge?*
> ***Cynthia Rasco (Nov 14):*** *Good Morning. Let me talk to Albert about your drug test and I will send an email to get your badge reactivated.*
> ***Tenil Adams (Nov 19, 11:09 AM):*** *How can you just make a hearing go away? Who has the shop steward on the floor that I have filed against?? This is me showing everyone what a hostile environment is.*
> ***Cynthia Rasco (Nov 19):*** *Tenil I don't have words for this situation.*

**Exhibit A-14: Full Email Transmission to Terence James (Nov 27, 2025)**

**Date:** November 27, 2025
**From:** Tenil Adams <teniladams15@gmail.com>
**To:** Terence James <terence.james@capitalmetro.org>
**Subject:** Grievance Hearing Procedure, Retaliation and Unaddressed Sexual Harassment Complaints

Good morning Terence, I have a few questions. How could you address a hearing without hearing the cause of the problem? The hearing was based of retaliation and it was completely one sided... This hearing wasn't about getting the facts it was to fire me for making sexual harassment complaints, for bringing those complaints to a CapMetro Public Board Meeting... Also I am ADA one who suffer from mental illness. Severe Depression, Anxiety, and Stress Disorder... While I was fighting for my life my company and union was destroying it...

**Exhibit A-15: Full Email Transmission Requesting Separation Documentation (Nov 21, 2025)**

**Date:** November 21, 2025
**From:** Tenil Adams <teniladams15@gmail.com>
**To:** Darrell Sorrells <dsorrells@atu1091.org>, Brent <brent@atu1091.org>, et al.
**Subject:** Termination Paperwork and Formal Dropping of Internal Union EEOC Charges

Good morning everyone I am asking that you make the company send my Termination paperwork as soon as possible. Know that I am dropping all EEOC charges against my union. Because in spite of what you all may believe we are still a union... Richard played with me as if I were a sex object and I made it perfectly clear on the union page that I wasn't here... Now just in case I go to another Metro with ATU as my union I want no beef...

# AFFIDAVIT OF AUTHENTICITY FOR EXHIBITS

STATE OF TEXAS, COUNTY OF BELL §

I, Tenil Samone Adams, after being first duly sworn, depose and state under penalty of perjury as follows:

1. I am the Plaintiff in the above-captioned matter. I have personal knowledge of the facts set forth in this Affidavit and am competent to testify to these matters.

2. I am the direct sender, recipient, and legal custodian of the cellular phone text messages, medical portals, and electronic email transmissions sent to and from Cynthia Rasco, Terence James, Darrell Sorrells, Baylor Scott & White Health, and agents of the Defendants.

3. The electronic transcripts, diagnostic notes, and email records included within Exhibits A through I, A-14, and A-15 are true, accurate, and literal verbatim representations of the data extracted directly from my mobile device, email accounts, and secure personal health records.

4. No text string, clinical description, medical diagnostic value, timestamp, or explicit conversational element has been modified, redacted, altered, or fabricated during the transcription processing of these files.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true, accurate, and correct to the best of my knowledge.

Tenil Adams

Tenil Samone Adams, Affiant / Plaintiff Pro Se

**NOTARY ACKNOWLEDGMENT**

Subscribed and sworn to before me this 06TH day of November, 2026, by Tenil Samone Adams.

Rena Tauaa

Notary Public, State of Texas

RENA TAUAA
Notary Public, State of Texas
Comm. Expires 07-21-2027
Notary ID 134467398
NOTARY PUBLIC STATE OF TEXAS