**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **TENIL SAMONE ADAMS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. 6:26-CV-441-CRW-DNM** |
| **KEOLIS TRANSIT and AMALGAMATED TRANSIT UNION,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER SETTING INITIAL PRETRIAL CONFERENCE**

The Court **ORDERS** that the above-captioned case is **SET** for an in-person initial pretrial conference in United States District Court, Courtroom No. 3, Second Floor, 800 Franklin Avenue, Waco, Texas, on **Thursday, December 17, 2026**, at **2:00 P.M. (30-minute time block)** before the Honorable Dan N. MacLemore.

The Court further **ORDERS** that the parties confer in the manner that Federal Rule of Civil Procedure 26 requires and, under Local Rule CV-16, the parties should file their Rule 26 Report on the docket in a form that substantially conforms with Appendix N of the Local Rules and that answers the following questions no later than seven business days before the hearing:

(1) Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount of controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.

(2) Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?

(3) What are the causes of action, defenses, and counterclaims pled?

(4) Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

(5) State the parties' views and proposals on all items identified in Federal Rule of Civil Procedure 26(f)(3).

(6) What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?

(7) What, if any, discovery disputes exist?

(8) Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

(9) Have the parties discussed mediation?

(10) Are there any pending motions, and, if so, does either party desire a hearing?

Finally, the Court **ORDERS** that the parties shall file a proposed scheduling order on the docket in the format included under the undersigned standing order at least seven business days before the hearing and jointly email a Word version of the proposed schedules to chambers at TXWDml_NoJudge_Chambers_WA_JudgeMacLemore@txwd.uscourts.gov.

During their conference, the parties should also address whether a protective order is required, and whether the protective over in Local Rules Appendix H-1 (to govern standard cases) or Appendix H-2 (to govern complex cases) is appropriate. The Court will address the substance of the parties' joint report and discovery plan at the Initial Pretrial Conference.

After review of the Rule 26 Report and the Proposed Scheduling Order that the parties filed, the Court may enter the Scheduling Order and cancel the Initial Pretrial Conference. The Court will notify the parties of any cancellation.

**SIGNED** this 6th day of November, 2026.

DAN N. MACLEMORE
UNITED STATES MAGISTRATE JUDGE