**EXHIBIT 1**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **TENIL SAMONE ADAMS,**<br>*Plaintiff,*<br><br>v.<br><br>**KEOLIS TRANSIT SERVICES, LLC, and AMALGAMATED TRANSIT UNION LOCAL 1091,**<br>*Defendants.* | **CIVIL ACTION NO. 6:26-CV-00441-CRW-DNM** |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

Plaintiff Tenil Samone Adams, proceeding *pro se*, files this Second Amended Complaint against Defendants **Keolis Transit Services, LLC** ("Keolis") and **Amalgamated Transit Union Local 1091** ("Union" or "ATU Local 1091"), alleging as follows:

## I. PARTIES, JURISDICTION, VENUE, AND RELATION BACK

1. **Plaintiff:** Plaintiff Tenil Samone Adams is an individual residing in Killeen, Bell County, Texas, within the Waco Division of the Western District of Texas. At all times relevant to this action, Plaintiff was employed as a public transit bus operator out of Austin, Texas.

2. **Employer Defendant:** Defendant Keolis Transit Services, LLC is a Delaware limited liability company operating public transit services in Austin, Texas, within the Western District of Texas. Pursuant to Federal Rule of Civil Procedure 15(c)(1)(C), this amendment corrects the misnomer in prior pleadings ("Keolis Transit, Inc.") and relates back to the date of Plaintiff's original pleading because Keolis Transit Services, LLC received timely notice of this action and knew it was the intended employer defendant (see Dkt. 24).

3. **Union Defendant:** Defendant Amalgamated Transit Union Local 1091 is a labor organization representing bargaining-unit transit operators in Austin, Texas, within the Western District of Texas. Pursuant to Federal Rule of Civil Procedure 15(c)(1)(C), this amendment

corrects the misnomer in prior pleadings ("Amalgamated Transit Union (ATU)") and relates back to the date of Plaintiff's original pleading because ATU Local 1091 received timely notice of this action and appeared herein (see Dkt. 17).

4. **Jurisdiction and Venue:** This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Venue is proper in the Western District of Texas under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) because the unlawful employment practices occurred within this judicial district and Plaintiff resides within the Waco Division.

## II. ADMINISTRATIVE EXHAUSTION AND EQUITABLE TOLLING

5. **EEOC Charge Against Keolis (Charge No. 451-2026-01161):** Plaintiff timely filed a formal Charge of Discrimination and Retaliation against her employer with the U.S. Equal Employment Opportunity Commission ("EEOC"), Charge No. 451-2026-01161, dated November 19, 2025. The EEOC issued a Notice of Right to Sue on Charge No. 451-2026-01161 on April 9, 2026.

6. **Equitable Tolling of July 8–9, 2026 Filing:** On July 8, 2026—the 90th calendar day following April 9, 2026—Plaintiff diligently pursued her judicial remedies by contacting the Clerk's Office and traveling in person to the United States District Court for the Western District of Texas, Waco Division, during regular business hours with her signed initiation paperwork (dated July 8, 2026) ready to file. Upon reviewing Plaintiff's packet at the counter, a deputy clerk informed Plaintiff that she needed to use updated official court forms, provided those forms to Plaintiff, and affirmatively instructed Plaintiff to complete them and return the following morning, July 9, 2026. In good-faith reliance on the Court's personnel, Plaintiff returned the next morning on July 9, 2026, and filed her Complaint. Equitable tolling applies because Plaintiff actively pursued her rights within the 90-day window and was directly instructed by Court personnel to return the next day.

7. **EEOC Charge Against ATU Local 1091 (Charge No. 451-2026-00086):** Plaintiff also filed a formal EEOC Charge of Discrimination and Retaliation against ATU Local 1091 under Charge No. 451-2026-00086. On September 21, 2026, the EEOC San Antonio Field Office issued a formal Notice of Right to Sue on Charge No. 451-2026-00086.

8. **Exhaustion of Termination Claim:** Plaintiff's termination on November 21, 2025, grew directly out of the protected complaints and ongoing retaliatory disciplinary proceedings

addressed in her EEOC charge and investigation, satisfying administrative exhaustion under Fifth Circuit precedent.

## III. FACTUAL ALLEGATIONS

9. **Medical Conditions and Approved FMLA/ADA Leave:** Plaintiff suffers from documented, serious medical conditions, including Severe Depression, Acute Anxiety, Stress Disorder, and a large left adnexal lesion/ovarian mass that required surgical removal in October 2025. These impairments substantially limited Plaintiff's major life activities, including concentrating, thinking, sleeping, caring for herself, and working without medical leave accommodations. At all relevant times, Plaintiff was qualified to perform the essential functions of a public transit bus operator with reasonable accommodations.

10. On March 31, 2025, Plaintiff's healthcare provider submitted a formal medical certification (Form WH-380-E) placing Keolis on explicit notice of her medical condition and symptoms, including impaired cognition, decreased concentration, and mood changes. On April 1, 2025, Keolis approved Plaintiff for intermittent FMLA leave running through March 31, 2026, and subsequently approved medical leave for her October 8, 2025 surgery.

11. **Severe and Pervasive Workplace Harassment:** Beginning in 2024 and continuing throughout 2025 (including within 300 days of her EEOC filing), Plaintiff was subjected to severe, pervasive, and unwelcome sex-based harassment and misconduct on company property:

(a) During the June 2025 Markup, bus operator Francis Torku (Route 10) repeatedly waited at Plaintiff's Route 7 time point between 6:00 a.m. and 6:10 a.m. to solicit Plaintiff for sex, creating an intimidating and distressing work environment;

(b) Bus operator and union shop steward Richard Nicholas subjected Plaintiff to unwelcome sexual remarks, objectification, and misconduct; and

(c) Coworkers and union stewards, including Terrance Whitley, Damon Coleman, and Tamara, subjected Plaintiff to ongoing workplace bullying, phone harassment while she was on approved medical leave, and hostile intimidation—including a direct text message from Tamara on August 5, 2025, stating that she goes "from zero to prison in a second."

12. **Employer Notice and Failure to Take Remedial Action:** Plaintiff repeatedly reported this sexual harassment and misconduct to Keolis management, including

Transportation Managers Cynthia Rasco and Radford Shearrill and Human Resources Manager Davia McDonald, as well as in a formal internal complaint on July 16, 2025, and at a public CapMetro Board meeting on July 28, 2025. Despite actual knowledge of the ongoing harassment, Keolis failed to conduct a prompt, impartial investigation or take effective corrective action to stop it.

13. **Union Hostility and Withholding of Representation:** Plaintiff reported the misconduct of shop stewards to ATU Local 1091 leadership, including Secretary Candice and Vice President Darrell Sorrells. Rather than addressing the harassment or protecting Plaintiff, Union leadership became openly hostile. On September 3, 2025, Secretary Candice berated Plaintiff on the phone, and VP Sorrells texted Plaintiff demanding she turn over her witness names and evidence to the same union apparatus shielding the accused stewards, forcing Plaintiff to decline union representation out of fear of further retaliation.

14. **Pretextual Disciplinary Process and Retaliatory Termination:** Instead of investigating Plaintiff's July 16, 2025 harassment reports, Keolis initiated disciplinary proceedings against Plaintiff on August 29, 2025, based on a fabricated allegation that Plaintiff had "threatened bodily harm" to HR Manager Davia McDonald—even though HR had dismissed coworker Tamara's explicit "zero to prison" message to Plaintiff as "not a threat."

15. Following Plaintiff's October 8, 2025 surgery, Keolis Director of Operations Cynthia Rasco confirmed via text messages on October 22, November 14, and November 18, 2025, that Plaintiff was cleared to return to work, scheduled Plaintiff for return-to-work drug testing and retraining starting at 7:00 a.m. on November 19, 2025, and stated she would reactivate Plaintiff's work badge.

16. However, on November 19, 2025, Keolis held a one-sided disciplinary hearing presided over by Manager Terence James, who refused to review Plaintiff's exculpatory text messages and evidence. On November 21, 2025—two days after the hearing and two days after Plaintiff's November 19, 2025 EEOC charge—Keolis terminated Plaintiff's employment.

## IV. CAUSES OF ACTION

### COUNT I: TITLE VII HOSTILE WORK ENVIRONMENT (42 U.S.C. § 2000e-2)

*(Against Defendant Keolis Transit Services, LLC and Defendant ATU Local 1091)*

17. Plaintiff incorporates by reference Paragraphs 1 through 16 above. Plaintiff explicitly maintains and does not abandon her hostile work environment claim.

18. Plaintiff was subjected to unwelcome, severe, and pervasive sexual harassment, sexual solicitation, and sex-based hostility that altered the terms and conditions of her employment and created an objectively and subjectively abusive working environment.

19. Keolis had actual and constructive notice of the harassment through Plaintiff's repeated reports to managers Cynthia Rasco, Radford Shearrill, and HR Manager Davia McDonald, yet negligently failed to investigate or take prompt remedial action.

20. ATU Local 1091, through its officers and stewards, actively participated in, shielded, and weaponized union procedures to perpetuate the hostile environment in violation of 42 U.S.C. § 2000e-2(c).

**COUNT II: TITLE VII RETALIATION (42 U.S.C. § 2000e-3)**
*(Against Defendant Keolis Transit Services, LLC and Defendant ATU Local 1091)*

21. Plaintiff incorporates by reference Paragraphs 1 through 20 above.

22. Plaintiff engaged in protected activity by filing formal internal sexual harassment complaints on July 16, 2025, following up with HR on August 29, 2025, speaking out at a public board meeting, and filing EEOC charges.

23. Defendants subjected Plaintiff to materially adverse actions—including withholding fair union support, locking out her badge, subjecting her to a sham disciplinary hearing on November 19, 2025, and terminating her employment on November 21, 2025—because of her protected complaints. Keolis's stated reason for termination (an alleged threat to HR) was a fabricated pretext, as demonstrated by Keolis's disparate treatment of coworker threats, its scheduling of Plaintiff for return-to-work retraining days earlier, and its refusal to consider exculpatory evidence at the hearing.

**COUNT III: DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE UNDER THE ADA (42 U.S.C. § 12112)**
*(Against Defendant Keolis Transit Services, LLC)*

24. Plaintiff incorporates by reference Paragraphs 1 through 23 above.

25. Plaintiff was a qualified individual with actual and known disabilities (Severe Depression, Anxiety, Stress Disorder, and an ovarian/adnexal mass requiring surgery) who could perform the essential duties of a bus operator with reasonable accommodations.

26. Despite having explicit medical certification of Plaintiff's conditions and having scheduled her return-to-work retraining, Keolis abruptly terminated Plaintiff's employment on November 21, 2025, rather than completing her return-to-work transition and engaging in good faith in the interactive accommodation process.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tenil Samone Adams respectfully requests that this Court enter judgment in her favor and against Defendants for: (a) reinstatement or front pay in lieu of reinstatement; (b) back pay and lost employment benefits; (c) compensatory damages for emotional pain, suffering, and mental anguish; (d) punitive damages for willful and reckless violations of federal civil rights laws; (e) pre-judgment and post-judgment interest and recoverable court costs; and (f) such other and further relief as the Court deems just and proper.

Dated: November 16, 2026

Respectfully submitted,

DocuSigned by:

72FBDA0A1C054FD...

**Tenil Samone Adams**, Plaintiff *Pro Se*
3410 Cotton Patch Drive
Killeen, Texas 76549
Telephone: 254-290-6421
Email: teniladams15@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2026, a true and correct copy of the foregoing Plaintiff's Second Amended Complaint was served via email and first-class U.S. mail, postage prepaid, upon all counsel of record:

**Kelli Fuqua / Gregory Dimirsky**
LITTLER MENDELSON, P.C.
100 Congress Avenue, Suite 1400
Austin, Texas 78701
Email: kfuqua@littler.com; gdimirsky@littler.com; dpate@littler.com
*Attorneys for Defendant Keolis Transit Services, LLC*

**Matt Bachop**
DEATS DURST & OWEN, P.L.L.C.
2901 Bee Caves Rd., Ste. L
Austin, Texas 78746
Email: mbachop@ddollaw.com
*Attorney for Defendant Amalgamated Transit Union Local 1091*

DocuSigned by:
Tenil Adams
72FBDA0A1C054FD...
_______________________________
**Tenil Samone Adams**