**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **TENIL SAMONE ADAMS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**KEOLIS TRANSIT, INC., and AMALGAMATED TRANSIT UNION (ATU),**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. 6:26-CV-00441-CRW-DNM** |

**DEFENDANTS' OPPOSED JOINT MOTION TO TRANSFER VENUE TO THE AUSTIN DIVISION**

Defendants Keolis Transit Services, LLC, incorrectly named as Keolis Transit, Inc. ("Keolis"),[1] and Amalgamated Transit Union Local 1091, incorrectly named Amalgamated Transit Union ("the Local"),[2] move under 28 U.S.C. § 1404 to transfer this action from the Waco Division to the Austin Division of the Western District of Texas. Every event alleged in Plaintiff Tenil Samone Adams's ("Plaintiff") First Amended Complaint ("Complaint"), Dkt. No. 14, occurred in Austin. Plaintiff worked in Austin. The disciplinary hearing and termination she challenges took place in Austin. Every Keolis and Local witness she identifies works in Austin, and both Defendants are located in Austin. Even Plaintiff's own filing preparation identified the applicability of the Austin Division to the case. *See* Dkt. No. 1 at 4; Dkt. No. 13-2 at 297. The only connection between this case and the Waco Division is Plaintiff's residence in Killeen,

[1] Plaintiff names "Keolis Transit, Inc." as a defendant. Plaintiff was employed by Keolis Transit Services, LLC, not Keolis Transit, Inc. Keolis Transit Services, LLC appears and files this Motion on the understanding that it is the entity Plaintiff intended to sue, without waiving any defense, including those raised in its earlier filed Motion to Dismiss. Dkt. No. 18; *see also* Defendant's Notice of Errata, Dkt. No. 24.

[2] The proper involved labor organization is the Local 1091 affiliate of the Amalgamated Transit Union. *See* Dkt. No. 17 ¶ 3.

which is roughly as close to Austin as it is to Waco. The Austin Division is clearly more convenient, and the case should be transferred there.

## I. BACKGROUND

Plaintiff alleges that she was employed as a bus operator by Keolis "operating out of Austin, Texas." Dkt. No. 14 ¶ 1. Her EEOC charge identifies her work location as Keolis's facility at 2910 East 5th Street in Austin. Dkt. No. 13-1 at 6. Keolis operates bus service in Austin under contract with the Capital Metropolitan Transportation Authority ("CapMetro"). Ex. A, Declaration of Alton L. Scott ¶ 4.

Plaintiff's claims arise from her employment in Austin. She alleges that she reported sexual harassment to Keolis's HR department on July 16, 2025; that she attended a disciplinary hearing on November 19, 2025; and that Keolis terminated her employment on November 21, 2025. Dkt. No. 14 ¶¶ 9, 14–15. The exhibits to her Complaint show that the hearings were noticed for Keolis's Austin facilities, and that the Keolis personnel involved in the events she describes, including HR Manager Davia McDonald, Director of Operations Cynthia Rasco, HR Director Alton L. Scott, Operations Manager Radford Shearrill, and her supervisor Terence James, work in Austin. *See* Dkt. No. 14 at ¶¶ 9, 13, 14; Dkt. No. 13-1 at 6; Ex. A ¶¶ 9, 10. The Local officers, staff, and stewards that Plaintiff alleges were involved, including Darrell Sorrells and Candice Martin, also work in Austin. See Dkt. No. 14 ¶¶ 10–12; Ex. B, Declaration of Darrell Sorrells ¶ 7. Plaintiff's personnel, disciplinary, leave, and union records are maintained in Austin. Ex. A ¶ 12; Ex. B ¶ 6.

Plaintiff resides in Killeen, in Bell County. Dkt. No. 14 at 4. Bell County lies in the Waco Division. 28 U.S.C. § 124(d)(2). Travis County, where all the alleged events occurred, lies in the Austin Division. *Id.* § 124(d)(1). The Complaint pleads no event, witness, or document located in the Waco Division.

Keolis objected to venue in the Waco Division in its Motion to Dismiss and advised that this Motion would follow promptly. Dkt. No. 18 at 4–5. Plaintiff also voiced her brief opposition to transfer in her Response to Defendant's Motion to Dismiss. Dkt. No. 19 at 2.

## II. ARGUMENT & AUTHORITIES

### A. Legal standard.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A district court may also transfer a civil action "from the division in which pending to any other division in the same district" on motion. *Id.* § 1404(b). The Fifth Circuit applies the same convenience analysis to transfers between divisions as it does to transfers between districts. *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (per curiam).

The threshold question is whether the case could have been brought in the proposed transferee forum. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (en banc). If so, the Court weighs four private-interest factors: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* at 315 (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). It also weighs four public-interest factors: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (alteration in original). Transfer is warranted when the movant shows that the transferee venue is "clearly more convenient." *Id.*; *Radmax*, 720 F.3d at 288. Although the plaintiff's

choice of forum is reflected in that burden, it is not itself a separate factor. *Volkswagen*, 545 F.3d at 314 n.10.

**B. This case could have been brought in the Austin Division.**

Plaintiff asserts claims under Title VII and the ADA. Dkt. No. 14 ¶ 4. Venue for those claims lies in any judicial district in the State where the alleged unlawful employment practice was committed, where the relevant employment records are maintained and administered, or where the plaintiff would have worked but for the alleged unlawful practice. 42 U.S.C. § 2000e-5(f)(3); *see* 42 U.S.C. § 12117(a). All of those locations are in Austin, Travis County, within the Austin Division. 28 U.S.C. § 124(d)(1). The threshold requirement is satisfied.

**C. The private-interest factors favor transfer.**

**Access to sources of proof.** Keolis's personnel, disciplinary, leave, and investigation records relating to Plaintiff are maintained in Austin. Ex. A ¶ 12. The Local's grievance and representation records are maintained in Austin. Ex. B ¶ 6. The physical locations where the alleged harassment and the disciplinary hearings occurred are in Austin. No source of proof is located in the Waco Division. This factor favors transfer. *See Radmax*, 720 F.3d at 288–89.

**Availability of compulsory process.** Because Plaintiff worked in Austin, where Defendants maintain their business, most of the likely non-party witnesses, upon information and belief, also work in the Austin area. *See* Dkt. No. 14 ¶ 1; Dkt. No. 13-1 at 6. A trial in Austin keeps those witnesses near the courthouse. A trial in Waco, roughly 100 miles away, would potentially place some or all of them at or beyond the basic reach of a trial subpoena. FED. R. CIV. P. 45(c)(1)(A). Keolis would then be forced to rely on Rule 45's statewide reach, which is only available if the witness would not incur substantial expense. FED. R. CIV. P. 45(c)(1)(B)(ii). This factor is neutral regarding transfer.

**Cost of attendance for willing witnesses.** Keolis's witnesses, including Ms. McDonald, Ms. Rasco, Mr. Scott, Mr. James, and Mr. Shearrill, work in Austin. Ex. A ¶ 10. The Local's witnesses, including Darrell Sorrells, Candice Martin, Terrance Whitley, and Richard Nicholas, also work in Austin. Ex. B ¶ 7. Litigating in Waco would require each of them to travel roughly 100 miles each way for every hearing and each day of trial, with corresponding time away from work and disruption to Keolis's transit operations and the Local's representation of employees. Plaintiff's own travel burden is roughly the same in either Division, because Killeen is about as far from Austin as it is from Waco, a fact regarding which the Court may take judicial notice. This factor strongly favors transfer. *See Volkswagen*, 545 F.3d at 317 (inconvenience to witnesses increases with distance traveled).

**Other practical problems.** This case is at its earliest stage. No scheduling order has been entered, no discovery has been taken, and Keolis and the Local have filed this Motion promptly following their first respective responsive filings. Keolis also raised its venue objection in its Motion to Dismiss. Dkt. No. 18 at 4–5. Plaintiff's proposed Second Amended Complaint does not alter this analysis. *See* Dkt. No. 26-1. Transfer will cause no delay or prejudice. This factor favors transfer or is neutral.

**D. The public-interest factors favor transfer.**

**Local interest.** This factor weighs heavily in favor of transfer. Plaintiff's claims concern the employment of a bus operator on Austin's public transit system, the conduct of Austin-based managers and union representatives, and workplace events that occurred entirely in Austin. The Austin Division has a strong interest in deciding a dispute about its own public transit workforce. The Waco Division's only connection is Plaintiff's residence, which does not create a meaningful local interest in the controversy. *See Radmax*, 720 F.3d at 289–90. This factor strongly favors transfer.

**Court congestion, familiarity with governing law, and conflict of laws.** These factors are neutral. Both Divisions are part of the same District, apply the same federal law, and present no conflict-of-laws issue.

**E. The transfer motion should be decided first.**

Because this action belongs in the Austin Division, Keolis respectfully requests that the Court resolve this Motion before reaching Keolis's previously filed Motion to Dismiss. Dkt. No. 18. *See In re Horseshoe Ent.*, 337 F.3d 429, 433 (5th Cir. 2003) (directing that a pending transfer motion be given "top priority"). Keolis has also raised its venue objection in its Motion to Dismiss under Rule 12(b)(3) to preserve it. *See* Dkt. No. 18 at 4–5. Plaintiff has already voiced her additional concerns about venue as part of her Response to Defendant's Motion to Dismiss. Dkt. No. 19 at 2. As noted in Defendant's Reply in support of its Motion to Dismiss, this Motion is Defendants' subsequent response. Dkt. No. 25 at 8.

## III. CONCLUSION

Every relevant event, witness, and record in this case is in Austin. Keolis and the Local respectfully request that the Court transfer this action to the Austin Division of the Western District of Texas under 28 U.S.C. § 1404.

Dated: November 19, 2026

/s/ *Matt Bachop* (with permission)
Matt Bachop
Texas Bar No. 24055127
mbachop@ddollaw.com
DEATS DURST & OWEN, P.L.L.C.
2901 Bee Caves Road, Suite L
Austin, Texas 78746
Telephone: 512.474.6200
Facsimile: 512.474.7896

**Attorney for Amalgamated Transit Union Local 1091**

Respectfully submitted,

*/s/ Kelli Fuqua*
Kelli Fuqua
Texas Bar No. 24097713
kfuqua@littler.com
Gregory Dimirsky
Texas Bar No. 24142609
gdimirsky@littler.com
LITTLER MENDELSON, P.C.
100 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone: 512.982.7250
Facsimile: 512.597.2576

**Attorneys for Defendant Keolis Transit Services, LLC**

## CERTIFICATE OF CONFERENCE

I certify that, in compliance with Local Rule CV-7(g), I conferred with *pro se* Plaintiff Tenil Samone Adams by email on November 5, 2026, regarding the relief requested in this Motion. Plaintiff opposes.

*/s/ Gregory Dimirsky*
Gregory Dimirsky

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2026, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system and was served on the following *pro se* Plaintiff by certified mail, return receipt requested, and first-class U.S. mail and by email to teniladams15@gmail.com, in accordance with Federal Rule of Civil Procedure 5(b)(2):

Tenil Samone Adams
3410 Cotton Patch Drive
Killeen, Texas 76549

***Pro Se Plaintiff***

*/s/ Gregory Dimirsky*
Gregory Dimirsky