FILED
November 19, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: cav
DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **TENIL SAMONE ADAMS,**<br>*Plaintiff,*<br><br>v.<br><br>**KEOLIS TRANSIT SERVICES, LLC** *(named as Keolis Transit, Inc.)*, **and AMALGAMATED TRANSIT UNION LOCAL 1091** *(named as Amalgamated Transit Union (ATU)),*<br>*Defendants.* | **CIVIL ACTION NO. 6:26-CV-00441-CRW-DNM** |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO TRANSFER VENUE TO THE AUSTIN DIVISION**

Plaintiff Tenil Samone Adams ("Plaintiff"), proceeding *pro se*, respectfully submits this Opposition to Defendants' Opposed Joint Motion to Transfer Venue to the Austin Division (Dkt. No. 27), filed jointly by Keolis Transit Services, LLC ("Keolis") and Amalgamated Transit Union Local 1091 ("ATU Local 1091" or "the Local"). Because Defendants have not met their heavy burden of proving that the Austin Division is "clearly more convenient" than Plaintiff's chosen forum in the Waco Division, the Motion should be denied.

## I. INTRODUCTION

Under 28 U.S.C. § 1404(a), a plaintiff's choice of venue is entitled to substantial weight, and a moving party must demonstrate good cause by showing that the proposed transferee forum is *clearly more convenient*—not merely equally convenient or slightly preferable for the defendants. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc).

Keolis and ATU Local 1091 ask this Court to transfer this lawsuit approximately 100 miles south within the very same federal judicial district. Granting transfer would simply shift litigation and travel burdens from a major transit contractor and a 1,400-member labor union onto an individual *pro se* plaintiff who lives within the Waco Division. Furthermore, Defendants'

reliance on physical record locations fails in light of their own admissions that relevant employment and union records are stored and accessed electronically.

## II. ARGUMENT & AUTHORITIES

### A. Venue Is Statutorily Proper in the Waco Division.

Defendants do not contest that venue is proper in the Western District of Texas. Under Title VII's special venue statute, 42 U.S.C. § 2000e-5(f)(3)—which also governs ADA claims under 42 U.S.C. § 12117(a)—a plaintiff may file suit in any judicial district in the State where the alleged unlawful employment practice occurred. Because both the Waco Division and the Austin Division sit within the Western District of Texas, venue in Waco is fully authorized by federal statute. Plaintiff resides in Killeen, Bell County, Texas, which lies within the Waco Division pursuant to 28 U.S.C. § 124(d)(2), and properly initiated this action in her home division.

### B. The Private-Interest Factors Weigh Against Transfer.

**1. Relative Ease of Access to Sources of Proof.** Keolis and ATU Local 1091 contend that personnel, disciplinary, leave, investigation, and grievance files are located in Austin. Yet Keolis's own HR Director, Alton L. Scott, admits in his sworn declaration that aside from limited physical driver qualification files, "[a]ll other records are maintained digitally and are regularly accessed and utilized by Keolis staff at both the North and South Facilities." (Dkt. No. 27-1 ¶ 12). Likewise, the declaration submitted on behalf of ATU Local 1091 states that the Local's records are "electronically accessed." (Dkt. No. 27-2 ¶ 6). Because electronically stored information (ESI) can be transmitted and reviewed from anywhere with equal ease, transferring this case to Austin provides no meaningful advantage in accessing proof.

**2. Availability of Compulsory Process.** Defendants acknowledge that this factor is neutral (Dkt. No. 27 at 4). Under Federal Rule of Civil Procedure 45(c)(1)(B)(ii), a district court may compel a witness to attend trial anywhere within the state where the witness resides, is employed, or regularly transacts business in person, so long as the witness does not incur substantial expense. Because Austin and Waco are roughly 100 miles apart within Texas, subpoena power is equally effective in both divisions.

**3. Cost of Attendance for Willing Witnesses.** Defendants focus on the commute for Keolis managers and ATU Local 1091 officers, including Darrell Sorrells, Candice Martin, Terrance Whitley, and Richard Nicholas. However, the convenience of party witnesses—such as current employees and union officials—carries far less weight than that of independent non-party

witnesses, because Defendants can secure the attendance of their own personnel. In contrast, transferring this case to Austin imposes direct financial and logistical burdens on an individual *pro se* Plaintiff who resides in Bell County and lacks the institutional resources of Keolis and ATU Local 1091.

**4. Other Practical Problems and Defective Evidence.** This case has been actively litigated in the Waco Division across more than two dozen docket entries (Dkt. Nos. 1–27), including Plaintiff's pending Amended Complaint and dispositive briefing. Transferring the action now would cause unnecessary administrative delay. Moreover, Exhibit B to Defendants' Motion—the purported Declaration of Darrell Sorrells on behalf of ATU Local 1091 (Dkt. No. 27-2 at 4)—is completely unsigned and undated. Because it fails to comply with 28 U.S.C. § 1746, it is incompetent evidence and cannot support ATU Local 1091's claims of inconvenience.

**C. The Public-Interest Factors Do Not Support Transfer.**

**1. Administrative Difficulties and Court Congestion.** Keeping the case in the Waco Division preserves judicial continuity and avoids the delay of reassigning a docket with pending motions to a new judge and magistrate judge.

**2. Local Interest.** The Waco Division has a clear local interest in protecting the federal workplace rights of citizens who reside within Bell County and the surrounding division, many of whom commute along the I-35 corridor for employment.

**3. Familiarity with Governing Law and Conflict of Laws.** As Defendants concede (Dkt. No. 27 at 6), both divisions belong to the Western District of Texas, apply identical federal law (Title VII and the ADA), and involve no conflict-of-laws issues.

## III. CONCLUSION

Because a transfer under 28 U.S.C. § 1404(a) should not be granted merely to shift inconvenience from corporate and union Defendants onto a *pro se* Plaintiff, and because Defendants have failed to prove that the Austin Division is clearly more convenient, Plaintiff respectfully requests that the Court **DENY** Defendants' Joint Motion to Transfer Venue.

Dated: November 20, 2026

Respectfully submitted,

*[signature]*

**Tenil Adams**
*Pro Se* Plaintiff
3410 Cotton Patch Dr
Killeen TX 76549
254-290-6421
teniladams15@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2026, a true and correct copy of the foregoing *Plaintiff's Opposition to Defendants' Joint Motion to Transfer Venue to the Austin Division* was filed with the Clerk of Court and served upon counsel of record for all Defendants by electronic mail and First-Class U.S. Mail, in accordance with Federal Rule of Civil Procedure 5(b)(2):

**Kelli Fuqua**
**Gregory Dimirsky**
LITTLER MENDELSON, P.C.
100 Congress Avenue, Suite 1400
Austin, Texas 78701
kfuqua@littler.com
gdimirsky@littler.com
*Attorneys for Defendant Keolis Transit Services, LLC*

**Matt Bachop**
DEATS DURST & OWEN, P.L.L.C.
2901 Bee Caves Road, Suite L
Austin, Texas 78746
mbachop@ddollaw.com
*Attorney for Defendant Amalgamated Transit Union Local 1091*

*[signature]*

**Tenil Adams**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **TENIL SAMONE ADAMS,**<br>*Plaintiff,*<br><br>v.<br><br>**KEOLIS TRANSIT SERVICES, LLC** *(named as Keolis Transit, Inc.),* **and AMALGAMATED TRANSIT UNION LOCAL 1091** *(named as Amalgamated Transit Union (ATU)),*<br>*Defendants.* | **CIVIL ACTION NO. 6:26-CV-00441-CRW-DNM** |

**ORDER DENYING DEFENDANTS' JOINT MOTION TO TRANSFER VENUE TO THE AUSTIN DIVISION**

Before the Court is Defendants' Opposed Joint Motion to Transfer Venue to the Austin Division (Dkt. No. 27), filed by Defendants Keolis Transit Services, LLC and Amalgamated Transit Union Local 1091, together with Plaintiff Tenil Samone Adams's Opposition thereto. Having considered the Motion, Plaintiff's Opposition, the record, and the applicable law, the Court finds that Defendants have not met their burden of establishing that the Austin Division is clearly more convenient than the Waco Division under 28 U.S.C. § 1404(a).

It is therefore **ORDERED** that Defendants' Joint Motion to Transfer Venue to the Austin Division (Dkt. No. 27) is **DENIED**.

SIGNED this ______ day of ____________________, 2026.

______________________________
**UNITED STATES DISTRICT JUDGE**