**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **TENIL SAMONE ADAMS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:26-CV-00441-CRW-DNM** |
| | § | |
| **KEOLIS TRANSIT, INC., and AMALGAMATED TRANSIT UNION (ATU),** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiff's Motion for Leave to File Second Amended Complaint, Dkt. No. 26, should be denied. Plaintiff's proposed Second Amended Complaint, Dkt. No. 26-1, does not sufficiently address nor cure the deficiencies raised in Defendant Keolis Transit Services, LLC's ("Keolis") Motion to Dismiss. *See* Dkt. No. 18. Consequently, Plaintiff's proposed Second Amended Complaint and the related Motion for Leave to File are both futile. Plaintiff's Motion should be denied.

## I. ARGUMENT & AUTHORITIES

### A. Plaintiff's proposed Second Amended Complaint does not cure the deficiencies of the First Amended Complaint and is ultimately futile.

Defendant's Motion to Dismiss raises numerous deficiencies found in Plaintiff's First Amended Complaint. *See* Dkt. No. 18. While Plaintiff remedies some of the previous shortcomings with her Second Amended Complaint, she does not do enough. She fails to sufficiently address Defendant's arguments regarding venue, limited and time-barred claims based on her EEOC Charge, the untimely filing of her lawsuit, and her failure to plausibly allege a disability

discrimination claim. *See id*. at 4–6, 8–10. "Inadequately briefed arguments are generally deemed to have been forfeited[.]" *Giancarlo v. UBS Fin. Servs., Inc*., 725 F. App'x 278, 288 (5th Cir. 2018) (per curiam); *see, e.g., SEC v. Life Partners Holdings, Inc*., 854 F.3d 765, 784 (5th Cir. 2017). Further, the deficiencies with Plaintiff's proposed Second Amended Complaint remain sufficient to warrant the dismissal of Plaintiff's claims. "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable[.]" *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 329 (5th Cir. 2002).

Here, the defects with Plaintiff's claims are incurable, and her Amended Complaint and Motion for Leave to File are therefore futile. "District courts have discretion to deny leave to amend when amendment would be futile." *Nji v. Smartsheet, Inc*., No. 1:25-CV-00324-ADA-DH, 2026 WL 1045933, at *2 (W.D. Tex. Apr. 16, 2026) (citing *Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 232 (5th Cir. 2022). "A proposed amendment is futile if it fails to state a claim on which relief could be granted." *Id*. Plaintiff fails to address, let alone overcome, the issues identified in her First Amended Complaint. Plaintiff's Second Amended Complaint is futile, and leave to file should accordingly be denied.

## II. CONCLUSION

Plaintiff's proposed Second Amended Complaint does not sufficiently cure the deficiencies of her First Amended Complaint, and its filing is therefore futile. Defendant Keolis therefore respectfully requests that the Court deny Plaintiff's Motion for Leave to File Second Amended Complaint.

Dated: November 23, 2026

Respectfully submitted,

*/s/ Kelli Fuqua*

Kelli Fuqua
Texas Bar No. 24097713
kfuqua@littler.com
Gregory Dimirsky
Texas Bar No. 24142609
gdimirsky@littler.com
LITTLER MENDELSON, P.C.
100 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone: 512.982.7250
Facsimile: 512.597.2576

**ATTORNEYS FOR DEFENDANT KEOLIS TRANSIT AMERICA, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2026, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system and was served on the following *pro se* Plaintiff by certified mail, return receipt requested, and first-class U.S. mail and by email to teniladams15@gmail.com, in accordance with Federal Rule of Civil Procedure 5(b)(2):

Tenil Samone Adams
3410 Cotton Patch Drive
Killeen, Texas 76549

***Pro Se Plaintiff***

*/s/ Gregory Dimirsky*
Gregory Dimirsky