FILED
November 24, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: cav
DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **TENIL SAMONE ADAMS,**<br>*Plaintiff,*<br><br>**v.**<br><br>**KEOLIS TRANSIT SERVICES, LLC and AMALGAMATED TRANSIT UNION (ATU) LOCAL 1091,**<br>*Defendants.* | **CIVIL ACTION NO. 6:26-CV-00441-CRW-DNM**<br><br>**JURY DEMANDED** |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiff's Motion for Leave to File Second Amended Complaint, Dkt. No. 26, should be granted. Plaintiff's proposed Second Amended Complaint, Dkt. No. 26-1, directly addresses and cures the pleading deficiencies raised in Defendant Keolis Transit Services, LLC's ("Keolis") Motion to Dismiss, Dkt. No. 18, and states plausible claims upon which relief can be granted. Consequently, Plaintiff's proposed Second Amended Complaint is not futile, and Plaintiff's Motion for Leave to File should be granted.

## I. ARGUMENT & AUTHORITIES

### A. Plaintiff's proposed Second Amended Complaint cures the alleged deficiencies and is not futile.

Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) "evinces a bias in favor of granting leave to amend." *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982). Furthermore, the Fifth Circuit holds that district courts should afford *pro se* plaintiffs ample opportunity to amend their pleadings before dismissing a case with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

Defendant concedes in its Response, Dkt. No. 29 at 1, that Plaintiff's proposed Second Amended Complaint "remedies some of the previous shortcomings," yet contends that amendment is futile because Plaintiff allegedly fails to overcome Defendant's arguments regarding venue, the scope and timeliness of her EEOC Charge, the timely filing of her lawsuit, and the plausibility of her disability discrimination claim. *See id.* at 1–2. Defendant is mistaken. A proposed amendment is futile only if "the amended complaint would fail to state a claim upon which relief could be granted" under the Rule 12(b)(6) standard. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000); *Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 232 (5th Cir. 2022). Taking Plaintiff's well-pleaded facts as true, the proposed Second Amended Complaint easily satisfies this standard.

**1. Plaintiff's claims are timely and within the scope of her EEOC Charges.**

Defendant asserts that Plaintiff's claims are limited or time-barred based on her EEOC Charge and the filing date of her lawsuit. However, the proposed Second Amended Complaint details a continuous, documented pattern of protected activity and unlawful retaliation culminating in Plaintiff's retaliatory termination in November 2025. Specifically, Plaintiff repeatedly reported workplace sexual harassment, safety hazards, and contract violations to management, the Union, and the EEOC from 2022 through 2025. Following Plaintiff's protected public comments at the CapMetro Public Board meeting on July 28, 2025, and her subsequent communications with the Board and Keolis management on August 25, 2025, regarding management's sham investigation and retaliation, Keolis issued a pretextual Notice of Employee Action on September 12, 2025, falsely accusing Plaintiff of threatening HR Manager Davia McDonald, and terminated Plaintiff's employment on or around November 21, 2025.

Plaintiff timely exhausted her administrative remedies across two related EEOC Charges: **EEOC Charge No. 451-2026-01161** (Notice of Right to Sue issued April 9, 2026) and **EEOC Charge No. 451-2026-00086** (Notice of Right to Sue issued September 21, 2026). Plaintiff timely commenced this civil action within ninety (90) days of receiving her Notice of Right to Sue on Charge No. 451-2026-01161, and subsequently incorporated her related claims following issuance of the September 21, 2026 Notice of Right to Sue on Charge No. 451-2026-00086. Because Plaintiff's termination in November 2025 and the immediately preceding retaliatory disciplinary actions occurred within the statutory filing window and were expressly presented to the EEOC, her claims are timely and properly exhausted.

**2. Plaintiff plausibly alleges a disability discrimination and retaliation claim.**

Defendant's assertion that Plaintiff fails to plausibly allege a disability discrimination claim ignores the specific factual allegations in Dkt. No. 26-1. To state a claim under the Americans with Disabilities Act ("ADA"), a plaintiff need only plead facts showing that she had a qualifying disability (or a record of such impairment, or was regarded as having one), was qualified for her position, and suffered an adverse employment action because of her disability or protected request for accommodation. Plaintiff specifically alleges—and has documented in her Rule 26(a)(1) Initial Disclosures—that she suffered from severe workplace-induced depression and anxiety requiring medical treatment and intermittent FMLA leave, as well as an ovarian mass suspected of malignancy that required surgery on October 8, 2025, and medical leave through November 18–19, 2025. While Plaintiff was under physician care and recovering from surgery, Keolis pursued fabricated disciplinary charges against her, subjected her to a compromised hearing with a conflicted union representative, and terminated her employment immediately upon her medical clearance to return to work in November 2025. These concrete factual allegations state a plausible claim for disability discrimination, failure to accommodate, and retaliation under the ADA.

**3. Venue is proper, or transfer—not denial of leave—is the appropriate remedy.**

Finally, Defendant's reliance on venue objections does not render Plaintiff's proposed Second Amended Complaint futile. Plaintiff resides in Killeen, Texas (Bell County), within the Waco Division of the Western District of Texas. Moreover, even where a defendant challenges divisional or district venue, the statutory remedy under 28 U.S.C. § 1404(a) or § 1406(a) is transfer to the appropriate division or district—an issue already briefed in connection with the pending venue motions—not denial of leave to amend or dismissal of Plaintiff's substantive claims.

In sum, Plaintiff has neither forfeited her arguments nor presented incurable defects. Granting leave to file Dkt. No. 26-1 ensures that this action is adjudicated on its merits upon a clear and complete operative pleading.

## II. CONCLUSION

Plaintiff's proposed Second Amended Complaint cures the alleged deficiencies of her First Amended Complaint, states plausible claims for relief, and is therefore not futile. Plaintiff Tenil Samone Adams respectfully requests that the Court grant Plaintiff's Motion for Leave to File Second Amended Complaint, Dkt. No. 26.

Dated: November 24, 2026

Respectfully submitted,

/s/ Tenil Samone Adams

**Tenil Samone Adams**
3410 Cotton Patch Drive
Killeen, Texas 76549
Telephone: (254) 290-6421
Email: teniladams15@gmail.com
*Pro Se Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2026, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system (or via paper filing with the Clerk) and was served on the following counsel of record by email and/or first-class U.S. mail, in accordance with Federal Rule of Civil Procedure 5(b)(2):

**Kelli Fuqua**
kfuqua@littler.com
**Gregory Dimirsky**
gdimirsky@littler.com
LITTLER MENDELSON, P.C.
100 Congress Avenue, Suite 1400
Austin, Texas 78701
*Attorneys for Defendant Keolis Transit Services, LLC*

**Matt Bachop**
Deats, Durst & Owen, P.L.L.C.
707 W. 34th Street, Suite 200
Austin, Texas 78705
*Attorney for Defendant Amalgamated Transit Union (ATU) Local 1091*

/s/ Tenil Samone Adams
Tenil Samone Adams