**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **TENIL SAMONE ADAMS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**KEOLIS TRANSIT, INC., and AMALGAMATED TRANSIT UNION (ATU),**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. 6:26-CV-00441-CRW-DNM** |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR**
**OPPOSED JOINT MOTION TO TRANSFER VENUE TO THE AUSTIN DIVISION**

Plaintiff's Response fails to rebut the central point supporting transfer: this dispute is centered in Austin, where the underlying events occurred and where nearly every identified witness lives or works. *See* Dkt. Nos. 27, 28. Plaintiff instead focuses principally on her own convenience and on procedural objections that do not alter the § 1404(a) analysis. Because the Austin Division is clearly more convenient and has the stronger local interest in this dispute, Defendants respectfully request that the Court grant the Joint Motion.

## I. ARGUMENT AND AUTHORITIES

Section 1404(a) permits transfer "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). A movant establishes good cause by showing that the transferee venue is "clearly more convenient" than the current venue; once that showing is made, the district court should grant transfer. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). The analysis considers the convenience of the parties and witnesses as a whole, not the convenience of one party in isolation. Here, the concentration of witnesses, events, and local interests in Austin satisfies that standard.

### A. The private-interest factors favor transfer.

#### 1. Electronic records do not render ease of access superfluous.

Plaintiff argues that the electronic nature of many of Defendants' records refutes the weight to be given to this factor in favor of transfer. Dkt. No. 28 at 2. The Fifth Circuit has squarely rejected this argument. *See In re Volkswagen of Am., Inc.*, 545 F.3d at 316 (holding that, where all documents and physical evidence relating to dispute were located in transferee district, advancements in copying technology and information storage did not render factor superfluous). Thus, this factor still weighs in favor of transfer.

#### 2. The cost of attendance for willing witnesses favors the Austin Division.

Every identified witness other than Plaintiff lives or works in the Austin area. At least ten specifically identified individuals may testify regarding the relevant events, sources of proof, or other issues in the case. *See* Dkt. No. 26-1 at 3–5; Dkt. No. 27 at 4–5. Requiring those witnesses to travel to Waco would impose needless additional time and expense when the case can be tried in the division where they are concentrated. The Fifth Circuit's "100-mile" rule reinforces that conclusion: when the distance between the existing and proposed venues exceeds 100 miles, witness inconvenience increases in direct proportion to the additional distance traveled. *In re Volkswagen of Am., Inc.*, 545 F.3d at 317 (quoting *In re Volkswagen AG*, 371 F.3d 201, 204–05 (5th Cir. 2004)). The Waco and Austin federal courthouses are approximately 100 miles apart, and witnesses who live or work south of central Austin must travel farther still. By comparison, Plaintiff lives less than 75 miles from the Austin courthouse. On this record, the willing-witness factor favors transfer.

### 3. Transfer would not create a meaningful practical problem or delay.

Plaintiff argues that the number of docket filings weighs against transfer. Dkt. No. 28 at 3. But sixteen of the twenty-eight docket entries were filed by Plaintiff before Defendants were properly served, which is not to even mention the propriety of such filings or to address whether the volume is normal or relevant. *See* Dkt. No. 16. More importantly, the case remains at an early stage: the Court has not resolved Keolis's Motion to Dismiss (Dkt. No. 18), Defendants' Joint Motion to Transfer Venue (Dkt. No. 27), or Plaintiff's Motion for Leave to File a Second Amended Complaint (Dkt. No. 26). Transfer therefore would not duplicate a trial court's substantial investment in the merits or materially delay adjudication. Further, "garden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer." *In re Radmax, Ltd.*, 720 F.3d 285, 289 (5th Cir. 2013) (per curiam) (holding that, in general, "transfer will result in delay for all parties," but "[t]he delay associated with transfer may be relevant 'in rare and special circumstances,'" not with simple "garden-variety" delays) (citing *In re Horseshoe Entm't,* 337 F.3d 429, 435 (5th Cir. 2003)). This factor does not weigh against transfer.

Plaintiff also asserts that the Union's supporting declaration is unsigned and undated. Dkt. No. 28 at 3. The filed declaration is dated and bears an electronic signature. *See* Dkt. No. 27-2 at 4. Section 1746 requires an unsworn declaration to be in writing, subscribed as true under penalty of perjury, and dated; it does not prescribe a handwritten-signature requirement. 28 U.S.C. § 1746. Further, Plaintiff herself relies on the same declaration, which she later calls incompetent, without disputing any facts within it. *See* Dkt. No. 28 at 2 (citing Dkt. No. 27-2 ¶ 6). Plaintiff's characterization of the declaration therefore supplies no basis to disregard it and does not alter the transfer analysis.

### B. The Austin Division has the stronger local interest.

The local-interest factor asks whether the transferee community has meaningful connections to the events giving rise to the suit. *In re Volkswagen of Am., Inc.*, 545 F.3d at 318. Austin does. Plaintiff worked as a bus driver in Austin for a transit service operating in the Austin metropolitan area, and the events underlying her claims occurred there. Plaintiff also presented her concerns to the Capital Metropolitan Transportation Authority ("CapMetro") board at a meeting in Austin on July 28, 2025. Dkt. No. 26-1 ¶ 12. Austin-area residents therefore have a direct interest in resolving a dispute arising from local transit operations and events in their community. Nothing identified in Plaintiff's Response gives the Waco Division a comparable connection. The local-interest factor strongly favors transfer.

## II. CONCLUSION

The Austin Division is clearly more convenient. Nearly every identified witness is located in the Austin area, transfer would not cause meaningful delay at this early stage, and Austin has the direct local interest in this dispute. Plaintiff's objections do not overcome those considerations. Defendants therefore respectfully request that the Court grant their Joint Motion and transfer this action to the Austin Division of the United States District Court for the Western District of Texas.

Dated: November 25, 2026

Respectfully submitted,


*/s/ Matt Bachop* (used with permission)
Matt Bachop
Texas Bar No. 24055127
mbachop@ddollaw.com
DEATS DURST & OWEN, P.L.L.C.
2901 Bee Caves Road, Suite L
Austin, Texas 78746
Telephone: 512.474.6200
Facsimile: 512.474.7896

**ATTORNEY FOR DEFENDANT AMALGAMATED TRANSIT UNION LOCAL 1091**

*/s/ Kelli Fuqua*
Kelli Fuqua
Texas Bar No. 24097713
kfuqua@littler.com
Gregory Dimirsky
Texas Bar No. 24142609
gdimirsky@littler.com
LITTLER MENDELSON, P.C.
100 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone: 512.982.7250
Facsimile: 512.597.2576

**ATTORNEYS FOR DEFENDANT KEOLIS TRANSIT SERVICES, LLC**


## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2026, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system and was served on the following *pro se* Plaintiff by email to teniladams15@gmail.com. In light of office closures related to the Thanksgiving holiday, a hard copy will be served on Plaintiff via certified mail, return receipt requested, and first-class U.S. mail on November 30, 2026:

Tenil Samone Adams
3410 Cotton Patch Drive
Killeen, Texas 76549

***Pro Se Plaintiff***

*/s/ Gregory Dimirsky*
Gregory Dimirsky